ALEXANDER KARPINSKI, APPELLANT, v. BOROUGH OF
SOUTH RIVER, RESPONDENT.

Argued June 20, 1913—Decided November 17, 1913.

1. A municipal corporation that engages, under legislative author-
   ity, in the business of furnishing electric lighting to private
   consumers for profit is liable for the negligence of the agents
   employed by it to string the wires designed for such commercial
   purposes.
2. A corporation having certain charter powers is liable to one
   injured by the negligence of an independent contractor exer-
   cising such charter powers under contract with such corporation
   where the injury resulted from a negligent act of such contractor
   in the doing of that which could lawfully be done only under
   such charter powers.
3. Where this exception to the independent contractor doctrine
   applies such contractor becomes in law the agent of the other
   contracting party.

On appeal from the Supreme Court.

For the appellant, *Jeremiah A. Kiernan.*

For the respondent, *George S. Silzer.*

The opinion of the court was delivered by

GARRISON, J.   This is an action for damages for personal
injuries resulting to the plaintiff from the alleged negligence
of the defendant, a municipal corporation.   At the trial the
plaintiff was nonsuited.   The facts the jury might have
found were as follows:   On July 12th, 1911, at about noon
while walking along Whitehead avenue, a public highway of
the borough of South River, the plaintiff's hand came in con-
tact with an electric light wire that ran from a pole in the
street to a hitching post to which it was tied.   This wire was
a part of a new system that was being installed by the de-
fendant for commercial purposes which it was authorized to
engage in, and the wire in question was being strung for the
defendant by William S. Roth under a contract made with

him by the defendant. The electric current that injured the plaintiff was transmitted to this wire by its coming in contact with an old wire maintained by the defendant from which the insulation had worn off, a condition that had existed for some weeks. The plaintiff's hand was badly burned.

The motion that was granted by the court was based upon the single ground that the negligence, if any, was that of an independent contractor; and the question mainly argued upon this appeal is whether or not the independent contractor doctrine applies in this case.

At an earlier stage of the case upon a demurrer to the declaration the Supreme Court (54 *Vroom* 149) held that the declaration was good for the reason that "the operation of an electric lighting plant for the furnishing of light to private consumers for gain cannot in any sense be the performance of a governmental function," citing *Bisbing* v. *Asbury Park,* 51 *Vroom* 416, and the cases there referred to.

Concretely, the decision was that the defendant, a municipal corporation engaged under legislative authority in the business of furnishing electric lighting to private consumers for profit, was liable for the negligence of the agents employed by it to string the wires designed for such commercial purposes.

This conclusion of the Supreme Court, in which we concur, properly laid down the law of the case in this respect, so that the defendant is before us now solely as a corporation enjoying and exercising certain franchise rights in the highway without regard to its governmental relation thereto.

That the independent contractor doctrine does not apply to negligence in the exercise of such a franchise results from an exception to that doctrine which is thus stated in 26 *Cyc.* 1562: "Another exception to the general rule is that a person causing something to be done, the doing of which casts upon him a duty, cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to an independent contractor. For instance, if the duty is imposed upon one by statute or municipal ordinance, he cannot escape liability by delegating the work to an independent contractor."

"This rule is often applied to obstructions and excavations in streets and highways pursuant to authority derived from statute. * * * Corporations have been held liable for the wrongful act of an independent contractor while exercising, with the assent of the corporation, some chartered power or privilege of the corporation; but the liability is limited to wrongs done in the performance of acts which could not have been done except in the performance of the charter of the company."

This quotation, which we adopt as a satisfactory statement of the law, is supported by the cases cited. Additional authority may be found in the following citations: *Moll L. Ind. Contr.*, § 115; *Hardaker* v. *Idle District Council, 74 L. T. Rep.* 69; *Dalton* v. *Angus, 6 App. Cas.* 740; *Lancaster Avenue Improvement Co.* v. *Rhodes, 116 Pa. St.* 377; *Electric Company* v. *Hauswold, 78 Ill. App.* 359; *West* v. *St. Louis Railroad Co., 63 Ill.* 545.

The reason for this exception to the general rule is that the privileges enjoyed under a corporate franchise, and the duties incidental thereto, are correlative and cannot be divorced at the will of the corporation or by its act. Hence, where there can be no independence that would result in such a divorce the independent contractor doctrine has no application.

The case is analogous to that of the fellow-servant doctrine which has no application where the master delegates to a fellow-servant the performance of a duty the master himself owes to his servants. *Laragay* v. *East Jersey Pipe Co., 48 Vroom* 516.

The essential ground therefore of the exception we are considering is the existence of a duty inherent in the nature of the undertaking authorized by charter or franchise under which alone such undertaking may lawfully be prosecuted.

Where an owner or occupier of land may do as he likes, he may act through an independent contractor, for here the exception does not apply. Such a case was *Jansen* v. *Jersey City, 32 Vroom* 243, where the municipality was erecting a city hall on land owned by the city. So, a railroad company owning its right of way may cause an independent contractor

to construct its roadbed thereon. Such a case was *Cuff* v. *Newark and New York Railroad Co.,* 6 *Id.* 574. But not so where the rails are laid in a public highway, for this can lawfully be done only by governmental grant or franchise. And in neither case could the carrier escape liability in the operation of its road by contracting for such operation with an independent contractor, for that is the performance of a charter right.

Where the exception under consideration applies one who would under the general doctrine be an independent contractor becomes in law the agent of the other contracting party.

In the present case, the negligence, if any, occurred in the performance of work that could be lawfully done only in the performance of the franchise or charter rights of the defendant, hence, under the exception to the general rule stated, the defendant cannot escape liability by delegating the doing of such work to an independent contractor. Such contractor, under the rule stated, was the agent of the defendant, for whose negligence the defendant is responsible.

The ground, therefore, upon which the motion for a nonsuit was based does not support the ruling that was made.

Such ruling cannot be supported upon the ground that there was no negligence, for that was clearly a jury question, as also was the contributory negligence of the plaintiff.

Whether or not the defendant was *prima facie* maintaining a nuisance in the public highway and hence liable to one specially injured has not been considered, because such was not the theory upon which the case was tried below or argued here.

Finding no ground upon which the nonsuit can be sustained, the judgment of the court below is reversed and a *venire de novo* ordered.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEFFENHEIMER, JJ. 12.