PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT, v.
JOSEPH MATTEUCCI, APPELLANT.

Argued May 18, 1928—Decided October 15, 1928.

For the appellant, *John E. Toolan.*

For the respondent, *Henry H. Fryling* and *Samuel G. Meisterman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The situation which gave rise to the present litigation was this: One Julia Alexander re-

covered a verdict of $35,000 against both of the parties to this suit for physical injuries received by her resulting from the negligence of an employe of the Public Service Company in the operation of a trolley car and the negligence of a servant of Matteucci in the operation of a certain jitney bus. An execution was issued on the judgment entered upon this verdict, and thereupon Matteucci paid the plaintiff in that suit the sum of $10,000 on account of said judgment, and the Public Service Company paid the remaining part thereof, to wit, $25,000.

. The present suit is based upon the theory that the Public Service Company has a legal right to contribution from Matteucci to the extent of one-half of the excess paid by it to Julia Alexander, amounting to $7,500, the total excess being $15,000. The case was tried by the court at the Essex Circuit without a jury, and a judgment was rendered in favor of the Public Service Company against Matteucci for the amount of the contribution claimed, the court holding that, unless the accident to the Alexander woman was the result of the willful conduct of the employes of the two defendants in that suit, the general rule that no right of contribution exists as between joint tort-feasors had no application; in other words, that, where the wrong is the result of mere negligence in the carrying on of some lawful transaction, the party paying the judgment is entitled to have contribution from the other party who is jointly liable for the injury inflicted upon the person who brought suit against them.

Although the exception to the general rule relating to the right of contribution, as declared by the trial court, has been held to exist by a number of the courts of our sister states, and by some of the decisions of the federal courts, we are not impressed with its soundness. A man who drives a vehicle on a public highway in negligent disregard of the rights of other users of such highway is guilty of an unlawful act, and, if the direct result of that unlawful act is the injury of some other user of the highway, he is a tort-feasor within the meaning of that term. If the driver intentionally inflicts an injury upon another user of the highway, he is not only a tort-feasor, but is guilty of a criminal act. If the question

was an open one in this state we should consider that, where injury to a third person is the direct result of the unlawful acts of the drivers of two vehicles in negligently disregarding the rights of other users of the highway, the rule of law which denies the right of contribution as between them or their respective employers is, in our opinion, applicable. The question is, however, not an open one. In the case of *Newman* v. *Fowler,* 37 *N. J. L.* 89, Chief Justice Beasley, delivering the opinion of the Supreme Court, states the rule as follows: "There can be no doubt that when two or more persons occasion, proximately, an injury, though not acting in concert, they are severally liable for the consequences. In this respect there is no difference between wrongs the result of force and such as proceed from ignorance or carelessness. Whenever the damage is the product of the contributory misfeasances the action will lie against each of the wrong-doers or against both, and neither one can claim contribution from the other so as to dispense the loss equally among themselves, the *reason being that the law will not undertake to adjust the burthens of misconduct.* This principle is a general one, applicable to every case of a tort." Counsel for the Public Service Company endeavors to escape the force of this decision by saying that the statement quoted was *obiter* so far as the case then before the court was concerned. Assuming that this is so, the soundness of the principle stated therein by the Chief Justice has never been questioned by any later decision, either of the Supreme Court or of this court; and, having stood unchallenged for more than half a century, it should not now be overthrown by judicial decision. *Graves* v. *State,* 45 *Id.* 203, 208.

Accepting the rule stated in the Newman case to be controlling, so far as our courts are concerned, we conclude that the judgment under review should be reversed.

*For affirmance*—BLACK, KATZENBACH, KAYS, DEAR, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, HETFIELD, JJ. 11.