SAMUEL FIORENTINO, PLAINTIFF, v. CHARLES ADKINS AND FARR & BAILEY MANUFACTURING COMPANY, DEFENDANTS.

Decided April 16, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff, Indemnity Insurance Company of North America, assignee of Samuel Fiorentino, *Starr, Summerill & Lloyd.*

For the defendant Charles Adkins, *Philip Wendkos.*

PER CURIAM.

On April 13th, 1923, Samuel Fiorentino obtained judgment against Charles Adkins and Farr & Bailey Manufacturing Company in the amount of $10,000 for personal injuries received by Fiorentino from the careless operation of two automobile trucks owned respectively by Charles Adkins and Farr & Bailey Manufacturing Company. Postea was issued and judgment entered in that amount, plus costs. Farr & Bailey Company prosecuted a rule to show cause, as an outcome of which it was determined by the Supreme Court that the rule should be made absolute and that the verdict of the jury should set aside and a new trial granted unless the plaintiff consent that the verdict of $10,000 be reduced to $5,500. Thereafter Fiorentino filed his consent to accept a reduction of the verdict of $10,000 to $5,500, and judgment was en-

tered in the amount of $10,000 against Charles Adkins, and $5,500 damages and $106.82 costs, together with a further sum of $26.25 costs on the rule to show cause, against the defendant Farr & Bailey Manufacturing Company. The order of the Supreme Court was not that the **judgment** against Farr & Bailey Manufacturing Company alone be reduced in that amount, but that the entire verdict should be reduced to $5,500 and that the plaintiff "be permitted to enter judgment against both defendants for that amount." Indemnity Insurance Company of North America had insured Farr & Bailey Manufacturing Company against liability from the cause complained of, and after the reduction in the amount of the verdict paid the plaintiff the amount of that verdict and received two assignments, one being of the judgment of $10,000, against Charles Adkins, and the other being of the judgment of $5,500 damages and $125.07, costs of suit, against Farr & Bailey Manufacturing Company. On January 2d, 1930, the Indemnity Insurance Company of North America, acting under the judgment, issued execution against Charles Adkins. It is at this juncture that Adkins causes a rule to issue against Indemnity Insurance Company to show cause why (1) the record of this court should not be amended so as to consolidate the separate judgments into one; (2) the judgment as entered against Adkins should not be reduced to $5,500 instead of $10,000 as it now stands, and (3) the judgment, whether it be $5,500 or $10,000, should not be satisfied and canceled of record.

Obviously there should be but one judgment, and that should be in the amount of $5,500. The record to the extent that it shows otherwise than this was so made by inadvertence.

Adkins and Farr & Bailey Manufacturing Company were joint tort feasors and as between them there was no right of contribution. *Public Service Railway Co.* v. *Matteucci*, 105 *N. J. L.* 114; 143 *Atl. Rep.* 221. It is argued on behalf of the assignee of the judgment that it is a stranger to the record, and that the money paid by it was not paid in settlement of the judgment but for the purchase of the judgment and for the specific purpose of keeping the same alive, particu-

larly as against Adkins. The Indemnity Insurance Company, though not a party to the action, is nevertheless not a volunteer, nor, as the record now shows, is it a complete stranger to the action. In paying the amount of the judgment it did not merely that which it chose to do, but that which it was, by its contract, obliged to do. That contractual obligation was in behalf of Farr & Bailey Manufacturing Company, and one of the incidents of the contract subrogated the indemnity company to the rights of Farr & Bailey. The indemnity Company could not, if it would, enforce the judgment against its insured. It stands in its insured's shoes. There is a public policy behind the rule against contribution amongst joint tort feasors, and we are unable to see the distinction, in the application of the rule, between a joint tort feasor and one who, by contractual undertaking, stands in his place. The money paid by the indemnity company for the judgment was, in theory, the money of its insured. It was the accumulated premiums paid by the insured against the day when the latter would be called upon to suffer such a loss.

The matter appears to be one of novel impression in this state. *McIlvane* v. *J. T. M. Contracting Co.*, 7 *N. J. Mis. R.* 825, is cited as a supporting decision by the prosecutor of the rule. It is not a determination on the issue now before us, though some of the reasoning is analogous.

We conclude that payment by the indemnity company was, in effect, payment by its insured, Farr & Bailey Manufacturing Company, and resulted in such a situation as that the judgment could not be further enforced against that concern; and that, in its last analysis, the collection of a judgment from Adkins would be in the nature of a contribution by Adkins to his joint tort feasor, inasmuch as a practice of that character would, of course, have its reaction on insurance rates and charges and thus inure to the benefit of the insured, a joint tort feasor.

The rule will be made absolute, with costs to the prosecutor.