JOSEPH W. AUSTIN, PROSECUTOR, v. MAYOR AND COM-
MON COUNCIL OF THE BOROUGH OF UNION BEACH
ET AL., DEFENDANTS.

Submitted May 15, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Ezra W. Karkus.*

PER CURIAM.

This writ of *certiorari* was allowed to review a certain ordi·
nance of the borough of Union Beach "to fix the rates to be
charged for the *use of water,* and to establish rules and regu-
lations for the extension, use and protection of the water
supply and water works and each and every part thereof,"
together with the supplements thereto and amendments there-
of, and the charges thereby imposed, and likewise to review
certain proceedings thereunder which resulted in the sale
of prosecutor's property in satisfaction of an alleged munici-
pal lien based upon an unpaid bill for water.

On March 22d, 1927, the borough passed an ordinance
dealing with the subject of the water supply of the munici-
pality. It purported to comprise a complete regulation of
the water supply, including a schedule of rates. The prose-
cutor never used any of the water supplied by the borough
and, in fact, had no connection with the water mains.
Nevertheless, he was presented with a bill for water service,
and, upon non-poyment thereof, his property was on Sep-
tember 3d, 1930, sold at tax sale by the collector.

It seems clear that the sale was improper. Under *Jersey
City* v. *Morris Canal,* 41 *N. J. L.* 66; *Karpenski* v. *South
River,* 85 *Id.* 208; 88 *Atl. Rep.* 1073; *Ford Motor Co.* v.

*Kearney,* 91 *N. J. L.* 671; 103 *Atl. Rep.* 254; *Olesiewicz* v. *Camden,* 100 *N. J. L.* 336; 126 *Atl. Rep.* 317; and *Lehigh Valley Railroad Co.* v. *Jersey City,* 103 *N. J. L.* 574; 138 *Atl. Rep.* 467, it is established that a municipality engaging in the sale of water for profit is exercising proprietary and business powers and is governed by the same rules as control an individual or business corporation under like circumstances. There was no contract for service and none was furnished in this case. Therefore, a charge therefor was unlawful.

The sale of prosecutor's property was unwarranted and unlawful and must be set aside.

The prosecutor also challenges the validity of section 1, subdivision C of the ordinance which makes unlawful the use of any well or other source of supply in the borough. Inasmuch, however, as the record discloses that no action has been taken to require the closing of prosecutor's well, and no reason is filed indicating in what respect prosecutor has been affected by such provision of the ordinance, we do not pass upon that question.

The proceedings and sale of prosecutor's property for the collection of the claim for water or water service are set aside, without costs.