FRANK MARTZ COACH COMPANY, INC., A CORPORATION LICENSED TO TRANSACT BUSINESS IN NEW JERSEY, FOR THE USE OF MARKEL SERVICE, INC., A CORPORATION, AND AMERICAN FIDELITY AND CASUALTY INSURANCE COMPANY, A CORPORATION. PLAINTIFF, v. HUDSON BUS TRANSPORTATION CO., INC., A CORPORATION OF NEW JERSEY, AND CHARLES SNYDER, DEFENDANTS.

Decided May 15, 1945.

For the plaintiff, *Alan Kraut.*

For the defendants, *Autenrieth & Wortendyke.*

ACKERSON, S. C. C. This matter is before the court for determination without a jury upon the pleadings and stipulated facts which are accepted as the findings of the court with respect to the factual situation of the parties so far as within the issues raised by the pleadings.

It appears from the original and supplemental stipulations that on August 21st, 1939, the plaintiff, Frank Martz Coach Company, hereinafter referred to as Martz, and the defendant Hudson Bus Transportation Co., hereinafter referred to as Hudson, were corporations engaged in the business of transporting passengers as common carriers. On that date Martz

hired from Hudson a bus to be driven by the defendant Charles Snyder, an employee of Hudson, for the transportation of the passengers of Martz. Hudson agreed to and did in fact carry and have in effect liability insurance covering said bus. On said day this bus of Hudson, while being driven by the defendant Snyder and carrying passengers of the plaintiff Martz, was involved in a collision resulting from the negligence of Snyder who, at the time, was operating the bus as "an employee of Hudson but directed by Martz to operate" same on the trip in question. Claims were made against Martz by certain of said passengers which were settled by Markel Service, Inc., an insurance carrier for Martz, pursuant to its policy covering the plaintiff, Martz, for the total sum of $750, of which $150 was paid for counsel fees in suits instituted against Martz upon said claims. It does not appear, however, that said suits were ever reduced to judgment nor that the defendants, Hudson and Snyder, were ever notified of or participated in said suits or the settlement thus reached.

After said claims were paid this action was instituted in the name of Martz, for the use of its said insurance carriers, against both Hudson and Snyder to recover the amount so paid, plus the attorney's fee, and the alleged cause of action is set forth in two counts.

The first count of the complaint is against Hudson alone and it is not predicated upon the theory of indemnity because of any negligence on the part of the defendants in the operation of the bus. Indeed it is not averred that the collision in question was occasioned by the negligence of either of them. It is based specifically and wholly upon an alleged breach of contract in that at the time of the engagement for transportation, Hudson "agreed to provide liability insurance for the protection of the aforesaid passengers," and "In violation of its agreement, and contrary thereto, the defendant [Hudson], failed or neglected to carry liability insurance on its vehicles, and refused to assume responsibility and control of the aforementioned claims, whereby the plaintiff," Martz, and its insurance carriers were "forced to expend large sums of money by reason of said breach of agreement."

According to this pleading the pertinent agreement was that Hudson was to provide such liability insurance, and upon this subject the only proof offered, as appears from the stipulated facts, is that "Hudson agreed to and did carry and have in effect liability insurance covering said bus." Therefore, plaintiff has failed to prove a breach of the specific agreement pleaded.

The second count of the complaint is against the defendant Snyder alone and avers that on August 21st, 1939, plaintiff, Martz, "hired a bus of the defendant [Hudson] and directed the defendant Charles Snyder to operate same from a point in the State of New York to a point in the State of Pennsylvania." That, while operating it "on behalf of the plaintiff [Martz]" through the latter state, Snyder negligently collided with another vehicle injuring several passengers in the bus he was operating. As a proximate result of Snyder's negligence, Martz was forced to pay various sums to compensate said injured passengers, and, although Martz has demanded reimbursement from Snyder, he has refused to pay same. Therefore, Martz, for the use of its above-mentioned insurance carriers, demands as damages of the defendant Snyder the sum of $1,500.

The supplemental stipulation amends this count to allege, in accordance with the fact, as stated in the original stipulation, that Martz and Hudson were common carriers of passengers on the occasion in question. This supplemental stipulation also states that the plaintiff, Martz, was not individually negligent with respect to the collision; that the passengers whose claims were settled were free from contributory negligence, and that the amount paid in settlement of said claims and the attorney's fees was reasonable.

The legal question presented by this count is whether a common carrier of passengers having hired a bus and driver for the transportation of its passengers from another common carrier, under the circumstances here presented, may have indemnity from the driver for the reasonable amount paid in settlement of the claims of such passengers for injuries arising solely from the driver's negligence, even though such claims have not been reduced to judgment?

It appears that the accident in question occurred in the State of Pennsylvania, but the pertinent law of that state with reference to the question of liability here presented is neither pleaded nor disclosed. It must, therefore, be presumed that common law principles apply, and that they have been interpreted there as they have been here. *N. J. S. A.* 2:98–28 *(Pamph. L.* 1942, *ch.* 104, *p.* 365, § 1); *Waln* v. *Waln,* 53 *N. J. L.* 429; 22 *Atl. Rep.* 203; *Coral Gables, Inc.,* v. *Kretschmer,* 116 *N. J. L.* 580; 184 *Atl. Rep.* 825; *Kelly* v. *Kelly,* 134 *N. J. Eq.* 316; 35 *Atl. Rep.* (2d) 618.

It is a general rule, approved by the courts of our state, that there can be no contribution nor indemnification between joint tort-feasors. *Newman* v. *Fowler,* 37 *N. J. L.* 89; *Public Service Railway Co.* v. *Matteucci,* 105 *Id.* 114; 143 *Atl. Rep.* 221; *Manowitz* v. *Kanov,* 107 *N. J. L.* 523; 154 *Atl. Rep.* 326; *Cosgrove* v. *Ellenstein,* 114 *N. J. L.* 155; 176 *Atl. Rep.* 178; *Universal Ind. Co.* v. *Caltagirone,* 119 *N. J. Eq.* 491; 182 *Atl. Rep.* 862; *Fiorentino* v. *Adkins,* 9 *N. J. Mis. R.* 446; 154 *Atl. Rep.* 429.

However, it is equally well settled that where a principal or employer is not in fault, but has been compelled to pay damages to a third person for the negligence of his agent or employee, he may maintain an action over against such servant or employee to recover what he has been compelled to pay. As between themselves the master and servant are not regarded as joint tort-feasors. Indeed under such circumstances the master is not regarded technically as a tort-feasor at all, but is held to liability under the doctrine of *respondeat superior* being, in effect, the servant's surety. 42 *C. J. S., Indemnity,* 597, § 21 (cases cited in footnote 58); 31 *C. J.* 447, *note* 95; 39 *Id.* 1313, § 1514; 27 *Am. Jur.* 468, § 19; 110 *A. L. R. (Annotated)* 834, *et seq.; Washington Gas Light Co.* v. *District of Columbia,* 161 *U. S.* 316, 328; 16 *S. Ct.* 564; 40 *L. Ed.* 712; *Stulginski* v. *Cizauskas,* 125 *Conn.* 293; 5 *Atl. Rep.* (2d) 10; *Travelers Insurance Co.* v. *Great Lakes Eng. W. Co.,* 184 *Fed. Rep.* 426, 431; 36 *L. R. A. (N. S.)* 60; *Fedden* v. *Brooklyn Eastern District Terminal,* 204 *App. Div.* 741; 199 *N. Y. S.* 9, 11; *Karcher*

v. *Burbank*, 303 *Mass.* 303; 21 *N. E. Rep.* (*2d*) 542; 124
*A. L. R.* 1292; *Kramer* v. *Morgan* (*2d Cir.*), 85 *Fed. Rep.*
(*2d*) 96; *Huey* v. *Dykes*, 203 *Ala.* 231; 82 *So. Rep.* 481;
*Doremus* v. *Rool*, 23 *Wash.* 710; 63 *Pac. Rep.* 572, 574;
*Story on Agency* (*9th ed.*), § 217; 4 *Thompson on Neg.*, §
3870; 7 *Labatt, Mast. & Serv.* (*2d ed.*) 8011.

The case of *Universal Ind. Co.* v. *Caltagirone, supra*, is not
in conflict with this latter rule because our Court of Errors
and Appeals was not dealing there with a suit for indemnity
by a master against his servant, but the master's insurance
carrier in his right, was seeking contribution from other tort-
feasors who were included, along with such master, and ser-
vant, in the judgment recovered by the injured party. There-
fore, the statement in the opinion that the rule against con-
tribution between joint tort-feasors applies "whether the one
who seeks contribution was   *   *   *   liable by legal imputa-
tion, as under the doctrine of *respondeat superior*" was clearly
applicable to the situation there presented because that doc-
trine is applicable where third parties are concerned but not
as between the master and his servant alone.

The basis for the different rule where the master, who is
not at fault, seeks indemnity from his servant for the result
of the latter's negligence may be found in the cases of *Karcher*
v. *Burbank* and *Kramer* v. *Morgan, supra,* where it was held
that the principal's liability to a third person for the negli-
gence of his agent is of a derivative or secondary character,
resting solely on the doctrine of *respondeat superior,* and the
principal is, in effect, the agent's surety and can recover over
against him if compelled to pay damages for his negligence
while he was acting as agent within the scope of his authority.
Under such circumstances the master is regarded in the role
of a surety rather than a tort-feasor.

The plaintiff insists that Snyder was the agent or servant
of the plaintiff, Martz, on the occasion in question and, there-
fore, under the last mentioned rule, he is liable to the plaintiff
for the amount paid by it in settlement of the claims of its
passengers.

If we exclude the stipulated fact that Martz, at the time,
was a common carrier of passengers, it is doubtful whether

the facts otherwise stipulated would establish the relationship of master and servant between Martz and Snyder under the tests set up in the case of *Goldwyn* v. *Coast Cities Coaches, Inc.,* 129 *N. J. L.* 501; 30 *Atl. Rep.* (*2d*) 295. However, it appears that Martz was a common carrier, and it is settled that the obligation of a common carrier to exercise a high degree of care for the safety of its passengers cannot be delegated to an independent contractor and its agents, particularly where, as here, the carrier, whether engaged in interstate or intrastate motor carriage, is regulated by elaborate rules and regulations and required to obtain a certificate or permit to operate (49 *U. S. C. A.,* §§ 301, *et seq.; N. J. S. A.* 48 :4–3, *et seq.; Ibid.* 48 :4–18), and, therefore, is in the exercise of a public franchise or privilege involving risk of harm to others. *Karpinski* v. *South River,* 85 *N. J. L.* 208, 211; 88 *Atl. Rep.* 1073; *Barrow S. S. Co.* v. *Kane,* 88 *Fed. Rep.* 197; *Venuto* v. *Robinson,* 118 *Fed. Rep.* (*2d*) 679; *Duncan* v. *Evans,* 134 *Ohio St.* 486; 17 *N. E. Rep.* (*2d*) 913; *Chattanooga, &c., Railroad Co.* v. *Liddell,* 85 *Ga.* 482; 11 *S. E. Rep.* 853; 13 *C. J. S., Carriers,* 1317, § 703. This rule was applied in those cases in which it has been held that a railroad company is responsible for the neglect or misconduct of the servants of a sleeping car company, whereby a passenger sustains loss or injury while being transported under the contract with the railroad company. *Pennsylvania Co.* v. *Roy,* 102 *U. S.* 451; *Dwinelle* v. *New York Central and Hudson River Railroad Co.,* 120 *N. Y.* 17; 24 *N. E. Rep.* 319; *Railroad Co.* v. *Walrath,* 38 *Ohio St.* 461; *Kinsley* v. *Railroad Co.,* 125 *Mass.* 54. In *Dwinelle* v. *New York Central and Hudson River Railroad Co., supra,* it was held that the porter of a sleeping car was, while assisting the railroad company in carrying out its contract of transportation with the passenger, the servant of the company although it did not own the sleeping car, or hire or pay the porter. See, also, *Thorpe* v. *New York Central and Hudson River Railroad Co.,* 76 *N. Y.* 406, and *Pennsylvania Co.* v. *Roy, supra.*

Obviously Martz, as a common carrier of passengers could not delegate its duty with respect to their safe transportation

to Hudson, and, therefore, was responsible, so far as the passengers were concerned, for Snyder's conduct in the operation of the bus to the same extent as though Martz had hired him for that purpose and is, therefore, entitled to indemnity from Snyder under the rule hereinabove stated.

Although defendants do not raise the point in their brief, it may be well to note that even though the settlement of the passengers' claims by the plaintiff appears to have been voluntary in the sense that the claims were not reduced to judgments, nevertheless, that fact does not defeat the right to indemnification. Voluntary payment merely varies the degree of proof needed to establish the liability of the indemnitor by casting upon the indemnitee the burden of proving (1) that he was liable; (2) that the settlement was reasonable; and (3) that his liability was of such a character that, in spite of it, he may recover over against the defendant. *Popkin Bros.* v. *Volk's Tire Co.*, 20 *N. J. Mis. R.* 1; 23 *Atl. Rep.* (2d) 162; *Wise Shoes, Inc.*, v. *Blatt*, 107 *Pa. Super.* 473; 164 *Atl. Rep.* 89, 91; *Colonial Motor Coach Corp.* v. *New York Central Railroad Co.*, 131 *Misc.* 891, 900, 902; 228 *N. Y. S.* 508, 518, 520; 31 *C. J.* 453. The pleadings and stipulated facts in the case *sub judice* show that the plaintiff has met this burden.

The defendants seem to contend in their brief that the plaintiff cannot recover because, although it appears from the complaint that the plaintiff sues "for the use" of its insurance carriers, nevertheless, the complaint does not disclose that such insurance carriers are assignees or subrogees of any right or cause of action which may have accrued to the plaintiff against the defendant Snyder. However, by suing for the use of its insurance carriers, the plaintiff has disclosed on the face of the pleading, and in the accepted way, that it is a trustee for such carriers. Therefore, it cannot be of any concern to the defendant, a tort-feasor, who, at any rate, was under a legal obligation to pay the loss to the insured, as to what the contractual or legal status between the insured and its insurers is. He is protected in any event under such pleading. *Jennings* v. *Studebaker Sales Corp.*, 112 *N. J. L.*

399, 408; 170 *Atl. Rep.* 626; *Sullivan* v. *Visconti*, 68 *N. J. L.* 543, 548, *et seq.;* 53 *Atl. Rep.* 598; *Belton* v. *Gibbon,* 12 *N. J. L.* 76; *Howell* v. *Lehigh Valley Railroad Co.,* 94 *N. J. L.* 213, 217; 109 *Atl. Rep.* 309; *Popkin Bros., Inc.,* v. *Volk's Tire Co., supra; Travelers Insurance Co.* v. *Great Lakes Eng. W. Co., supra.*

I, therefore, find in favor of the defendant, Hudson Bus Transportation Co., Inc., and against the plaintiff on the first count of the complaint, a verdict of no cause of action. I further find in favor of the plaintiff and against the defendant Charles Snyder on the second count of the complaint, for the principal sum of $750 and interest thereon at six per cent. from May 15th, 1943, amounting to $90, or a total sum of $840. Interest is figured from the date on which the summons herein was issued (May 15th, 1943), inasmuch as neither the complaint nor the stipulated facts disclose the date when plaintiff settled the claims of its passengers. A form of *postea* may be presented in accordance with the conclusions thus reached.