### SMITH *v.* TOWNSHIP OF NORTON.

1. TOWNSHIPS—WATER AND SEWER SYSTEM—REVENUE BOND ACT OF 1933—CHARGES—NONUSERS.

   A charter township, acting under the authority of the revenue bond act of 1933 in establishing and maintaining a water and sewer system, is limited in making charges for services, facilities, and commodities furnished to *users* of the system and may not charge *nonusers* (CLS 1961, § 141.104).

2. SAME—WATER AND SEWER SYSTEM—NONUSERS—TAXATION.

   A charge to nonusers of a township water and sewer system for services made available but not used is, in legal effect, a tax and can be effected only by complying with statutory requirements and not by creation of a charge within the rate structure of the public service established under the revenue bond act of 1933 (CLS 1961, § 141.104 *et seq.*).

3. SAME—WATER AND SEWER SYSTEM—CHARGES TO NONUSERS—INJUNCTION—INTEREST.

   Nonusers of township water system *held,* entitled to injunction against enforcement of collection of so-called *ready to serve* and *debt service* charges defendant charter township sought to impose under ordinances for the establishment of a township water and sewer system, as authorized by the revenue bond act of 1933, and to recover payments made together with interest at 5% from date of payment (CL 1948 and CLS 1961, § 141.101 *et seq.*).

Appeal from Muskegon; Beers (Henry L.), J. Submitted Division 3 October 6, 1965, at Grand Rapids. (Docket No. 152.) Decided December 20, 1965.

REFERENCES FOR POINTS IN HEADNOTES

[1]  56 Am Jur, Waterworks and Water Companies § 24.
[2]  51 Am Jur, Taxation §§ 2, 3.
[3]  28 Am Jur, Injunctions § 186.

Bill by Robert H. Smith, as a class action, against Township of Norton for injunction restraining enforcement of ordinances charging nonusers in connection with the establishment of water and sewer system, and for refund of charges made and collected thereunder. Complaint dismissed. Plaintiff appeals. Reversed and remanded for entry of injunction and accounting to nonusers of services.

*Charles A. Larned, Jr.,* for plaintiff.

*James F. Schoener,.* for defendant.

HOLBROOK, J. This is a class action commenced November 22, 1961, by plaintiff, for himself and on behalf of others in the same position, against the defendant charter township for the return of charges paid and an injunction restraining enforcement of ordinance No 18 (1959) and ordinance No 30 (September 27, 1961), being amendments to ordinance No 1 (1944), establishing a township water and sewer system, and ordinance No 6 (1954), providing for extensive enlargement of said system including issuance of revenue bonds in the amount of $700,000 to cover the necessary costs. The ordinances were enacted under the authority granted by the revenue bond act, PA 1933, No 94 (CL 1948 and CLS 1961, § 141.101 *et seq.* [Stat Ann 1958 Rev and Stat Ann 1961 Cum Supp § 5.2731 *et seq.*]).

Defendant and appellee does not seek to enforce ordinance No 18 which provided minimum rates for water to be charged nonusers, but maintains it has a legal right to make charges for "ready to serve" and "debt service charges," to nonusers, as provided in ordinance No 30 which states in part as follows:

"The owner or occupant of any building used for residence or business purposes, located on lots or

parcels of land adjacent to water mains or sewers of the township, shall cause such building or buildings to be connected to such water mains or sewers. Any building or buildings not so connected shall be charged the readiness to serve charge and the debt currently in effect on the mains involved."

In appellee's brief it is stated in part:

"The prior ordinances of the township seeking to have a compulsory hookup to the water system was abandoned and the only ordinance at issue in this case is the question of 'readiness to serve' and 'debt service charges,' to be made quarterly upon the persons abutting the line. As stated in the stipulated facts, the same was requested by the bond holders in order to provide for the security of the bonds of the water system."

The case was submitted to the trial court upon stipulated facts and briefs. An opinion granting plaintiff relief was rendered October 24, 1963. The case of *Seltzer* v. *Sterling Township* (1963), 371 Mich 214, had just been handed down by our Supreme Court, and became available shortly thereafter. The learned trial judge, upon motion of the defendant, reopened the case, filed a written opinion deciding that "the *Sterling Case* is controlling of this case", determined the "readiness to serve" and "debt service charge" to nonusers was a legal charge under the revenue bond act of 1933, and ordered the dismissal of plaintiff's complaint. Judgment was filed April 24, 1964. From this judgment, plaintiff appeals.

Plaintiff is the owner of real property with a residence thereon located at 2963 Vulk street, within the boundaries of the area served by the water system of the defendant charter township. His property is not connected to the water system and he does not need or desire to use its services and ob-

jects to paying "ready to serve" and "debt service charges" for the payment of the revenue bonds.

It was stipulated that appraisers for defendant, if called to testify would testify "that the facility of municipal water being made available by lines abutting the property owners in the position of plaintiff or persons of like situation, adds to the value of said property and would provide a service to said property even though said property owners" had not hooked up to the municipal water supply. Further, "that the amounts of increase would vary with the size, location and circumstances of the lot owner and   *   *   *   with the availability of pure well water, but that material benefit is conferred by the fact of having such municipal supply available."

It was also stipulated that the ordinance in question (Ordinance No 30) was designed, authorized, and adopted to provide for adequate operation of the water and sewer facilities and to insure the security of the bonds issued and sold.

Prior to the enacting of ordinance No 6, the township supervisor sent out a notice to the residents stating in substance that Norton township was contemplating the extension of water and/or sewer services and set out certain contemplated charges and also "no assessment is made against persons not using the service, except one mill for fire hydrant protection."

Ordinance No 6 set up water rates to be charged and also provided a "readiness to serve charge" to be paid by all users for 30 years from July 1, 1954, or the date of their connection, whichever was later.

Ordinance No 6 in its schedule of rates and charges did not contain any charge to nonusers of water. The one mill for fire hydrant protection has been paid by the township and charged in the ad valorem tax assessments in the several fire protection dis-

tricts of the township. Plaintiff does not object to the payment of the one mill tax for fire protection, and asserts if the township needs more money to secure the proper operation of the water system and the repayment of the revenue bonds, any reasonable increase of this charge together with increases in the rates to *users* would be the proper method.

There is no claim before this Court that the non-user residents are required or need to use township water for the public health.

The following question has been raised and we believe it essential to be answered. "Does the revenue bond act, PA 1933, No 94, as amended, authorize the township of Norton to charge 'debt service charge' and/or 'ready to serve charge' to persons who abut upon the water lines of the township but are not hooked up to the lines, for the purpose of paying interest and overhead of the water system established by Norton township?"

The pertinent provisions of the revenue bond act, PA 1933, No 94, as amended by PA 1946 (1st Ex Sess), No 23 are as follows:

Title: "An act to authorize public corporations to purchase, acquire, construct, improve, enlarge, extend and/or repair public improvements within and/or without their corporate limits, and to own, operate and maintain the same; to authorize the condemnation of property for such public improvements; *to provide for the imposition and collection of charges, fees, rentals and/or rates for the services, facilities and commodities furnished by such public improvements;* to provide for the issuance of bonds and refunding bonds payable solely from the *revenues* of public improvements; to provide for the payment, retirement and security of such bonds."

"Sec. 2. This act shall be construed as cumulative authority for the exercise of the powers herein granted and shall not be construed to repeal any

existing laws with respect thereto, it being the purpose and intention of this act to create full and complete additional and alternate methods for the exercise of such powers."

"Sec. 3. Whenever used in this act, except when otherwise indicated by the context:  *  *  *  (e) The term 'rates' shall be construed to *mean* the charges, fees, rentals and rates which may be fixed and imposed for the *services, facilities and commodities furnished* by any public improvement."

"Sec. 4. Any public corporation is authorized to purchase, acquire, construct, improve, enlarge, extend and/or repair 1 or more public improvements and to own, operate and maintain the same, within and/or without its corporate limits, and *to furnish the services, facilities and commodities of any such public improvement to users within and/or without its corporate limits.*"

"Sec. 21. *Rates for services furnished by any such public improvement shall be fixed precedent to the issuance of the bonds.*  *  *  *  Such rates shall be fixed and revised from time to time by the governing body of the borrower so as to produce these amounts[1] and the borrower shall covenant and agree in the ordinance authorizing the issuance of such bonds and on the face of each bond to maintain at all times such rates for services furnished by such public improvement as shall be sufficient to provide for the foregoing."   (Emphasis supplied.)[2]

The act has been amended by PA 1959, No 78, to include in its title:

"to provide for the imposition of special assessments against properties benefited by such public

---

[1] Administration, operation, and maintenance expenses, interest, reserves.—REPORTER.

[2] These sections of the act, with subsequent minor amendments are, currently, CL 1948 and CLS 1961, §§ 141.102, 141.103, 141.104, 141.121 (Stat Ann 1958 Rev §§ 5.2732, 5.2733, 5.2734, 5.2751).— REPORTER.

improvements, and for the issuing of special assessment bonds for the purpose of refunding outstanding revenue bonds."[3]

Said act has not been amended to provide for special assessments except against properties specially benefited to pay for "parking revenue bonds" under section 20c of said amended act (CLS 1961, § 141.120c [Stat Ann 1963 Cum Supp § 5.2750(3)]).

A charter township acting under the authority of the revenue bond act of 1933 establishing and maintaining a water system, as provided in section 4 of said act, is limited in making charges for services, facilities, and commodities furnished to the "users" of said system, there being no provision in said act for charging "nonusers."

Appellee cites the cases of *City of North Muskegon* v. *Bolema Construction Co., Inc.* (1953), 335 Mich 520; and *Seltzer* v. *Sterling Township, supra,* in substantiation of defendant's position that such charges are proper. These cases are distinguishable from the case at bar. In the *Bolema Case,* the Supreme Court ruled that a lateral consisting of sewer pipe and fittings running from a sewer main to the property line of the *user* is a necessary part of a sewage system and as such, is a service or facility within the meaning of the revenue bond act of 1933, for which a charge may be made by the municipality.

The *Seltzer Case* involved an ordinance enacted under the revenue bond act of 1933, without issuing bonds as provided in section 4 of said act. It required payment of a $150 per lot capital charge to defray the expense of the construction of the municipal water line. Plaintiffs paid the fee and sued to recover the same claiming the charge was unlawful. The plaintiffs were *users* for it is stated

---

[3] CLS 1961, ch 141, title (Stat Ann 1963 Cum Supp, title preceding § 5.2731).—REPORTER.

in the facts of the case that the payments of $150 privilege fee per lot were in addition to the water tap-in fees of $125 per lot and that in addition, plaintiffs *paid* the water rate established by the ordinance based upon the amount of water used, the same as other *users* of water.

We find in the text, The Law of Revenue Bonds, Chermak (1954), published by the National Institute of Municipal Law Officers, Washington, D. C., what we feel to be applicable law to the issue before this Court, at p 162, wherein is stated the following:

"Although the charges made for services rendered have been compared with special assessments levied on the property specially benefitted, *care should be taken that the charge made for the service is not in the nature of a special assessment which involves the power of taxation.* (Citing [*Hamilton's Appeal*] *In re the Petition of the City of Philadelphia* [1940], 340 Pa 17 [16 A2d 32].) *Such charge should rest on contract for use, unless statutory requirements covering special assessment procedure are fully met.* Where the charge is made solely for use, it is not a tax." (Emphasis supplied.)

Also, on p 200 of said text, it is stated:

"The rates, of course, must be based upon *use* and not special benefit or other similar criteria, unless special assessment proceedings are accepted." (Emphasis supplied.)

Anyone using the services of the township water system by implication contracts to pay the rates including charges, fees, and rentals. To charge non-users for services made available by its presence without regard to whether any *use* is made of the service or facility is in legal effect a tax and can be effected only by complying with the statutory requirements and not by creation of a charge within the rate structure of the public service.

Other questions raised by appellant not being necessary to decision, will not be discussed.

Reversed and remanded to the trial court for entry of injunction restraining defendant township from collecting charges from nonusers of water under ordinance No 18 and ordinance No 30, consonant with this opinion, and an accounting to allow plaintiff and other nonusers to recover payments made under said ordinances, together with interest at 5% per annum from date of payment. Costs to appellant.

BURNS, P. J., and T. G. KAVANAGH, J., concurred.