PITTS & COMPANY, INC. and the Jordan Companies, Appellees,

v.

CITY OF MEMPHIS, Appellants.

Court of Appeals of Tennessee,
Western Section.

July 21, 1977.

Certiorari Denied by Supreme Court
Dec. 5, 1977.

Frierson M. Graves, Jr., Memphis, for appellants.

Marion S. Boyd, Jr., Robert M. Johnson and Mary L. Wolff, Memphis, for appellees; Canada, Russell & Turner, Memphis, of counsel.

MATHERNE, Judge.

The plaintiffs, subdivision developers, sue the City of Memphis to enforce the terms of an aid-in-construction contract they entered into with a water utility district, which utility district has been taken over by the city.

The issue is whether the city is bound by the terms of an acceleration of refund payments provision of the contract. The trial judge sustained the plaintiffs' motion for summary judgment, held that the city was bound under the acceleration of refund payments clause and entered judgment against the city for the balance due the plaintiffs under the contract. The city appeals.

## I.

The plaintiffs developed a residential subdivision in east Shelby County. The Southeast Memphis Suburban Utility District of Shelby County (District) supplied water to that area of the county. The plaintiffs entered into an aid-in-construction contract with the District whereby the plaintiffs deposited $88,456.90 with the District as the estimated cost of construction of the necessary water mains and other water supplying facilities to the subdivision. The District agreed to build the water supplying facilities, supply water to the subdivision and to refund the plaintiffs' deposit by annual payments equal to 50% of the water revenues collected from its customers in the subdivision.

Paragraph 8 of the contract contains the following acceleration of payments provisions:

8. Acceleration of payments. In the event that the ownership or contract of SEMSUD (District) is sold to, acquired by or transferred to any other agency, corporation, utility company or division of any Municipal or County Government, then in that event, the balance of any and all refunds and/or credits due and contemplated in Paragraph seven, above, will be paid in full at that time to PAC–JC, (plaintiffs) regardless of any time remaining in the ten year schedule as set forth herein.

The contract is dated November 2, 1971, and provides that the refund would be paid annually for a period of ten years or until the total amount of the aid-in-construction deposit has been repaid.

On July 13, 1971, the city began its proceedings to annex territory in the District area. The territory was annexed effective December 31, 1971. The annexed territory did not include all of the area served by the District. Thereafter, the city, under the authority granted it by T.C.A. § 6–308, et seq., elected to provide water services to the entire area served by the District. The city also reached an agreement with the County of Shelby whereby the county would furnish fire protection services to that part of the territory served by the District but beyond the boundaries of the annexed area. As result, the City of Memphis, the County of Shelby and the District entered into a contract dated March 31, 1973, whereby the city was to take over the entire District and the District would be dissolved. The District was dissolved by Order of the County Court of Shelby County, Tennessee, dated July 9, 1973.

## II.

■ The city argues that the District was not "sold to, acquired by or transferred to" it so as to activate the acceleration clause of the contract between the District and the plaintiffs. The city insists that it merely "stepped into the same shoes" of the District; was "substituted in lieu of" the District; or became the "successor such as successor trustee of" the District. The City argues that there was no transfer of the District to the city.

We disagree with the city's argument. Paragraph 12 of the May 31, 1973 contract between the city, the county and the District provides in part as follows:

12(a) The District agrees to transfer to the Light, Gas and Water Division of the City of Memphis for the use and benefit of the City of Memphis all of the properties of the District, real and personal, together with titles and evidences of titles to the water system.

The city agreed to assume all obligations of the District as it was required to do by T.C.A. § 6–318, the statute which gave the city the authority to act in the present situation.

The May 13, 1973 contract acknowledges the existence of certain aid-in-construction contracts. An exhibit to the contract lists the plaintiffs' contract in the amount of $88,456.90, and refers to the plaintiffs' contract on the question of whether there was an acceleration of refund payments in the event of annexation. The city was fully advised of the contents of the plaintiffs' contract when it agreed to take over the District and assume its obligations.

The city did attempt to absolve itself from the obligation of an acceleration of refund by inserting the following language in the May 31, 1973 contract:

On those extension (aid-in-construction) contracts that were to allow for total or partial refund of any remaining amount upon annexation, the City agrees only to refund at 50% of the regular water bills projected on present District rates less a monthly flat charge of $1.10.

We hold that the city cannot under T.C.A. § 6–318 accept some obligations under the contract between the District and the plaintiffs and reject other obligations thereunder. That statute requires an agreement that will fully preserve and protect the contract rights vested in holders of any outstanding revenue bonds of the District and "other obligations." The plaintiffs' contract is, admittedly, an "other obligation" of the District.

## III.

■ The city argues that by refusing to honor the acceleration of refund payments it is acting within the police power of the state, which permits it to abrogate certain portions of a contract in order to provide needed services for the residents of the District.

We do not find an overriding public purpose served by the action of the city in refusing to honor its obligations under the

contract. Here the municipality, without police power justification, unilaterally altered the contract between the plaintiffs and the District for the city's benefit. Compare, *Daniel v. Oakland* (1973) 124 N.J. Super. 69, 304 A.2d 757.

The city relies upon the fact that its officials met with the officials of the District prior to the time annexation proceedings were commenced and told the District officials that the city would not agree to assume any developer's aid-in-construction contract which contained an acceleration of refund payments upon annexation. The city argues that this statement to the officials of the District bars the enforcement of the acceleration of refund payments contract subsequently entered into between the District and the plaintiffs. There is no claim that the District, in consideration of annexation, agreed not to enter into such a contract. Neither does the city claim that the plaintiff made such an agreement. The District had the legal right to enter into the aid-in-construction contract with the plaintiff. There is no showing that the city was misled to its detriment.

All assignments of error are overruled and the judgment of the trial court is affirmed. The cost in this Court is adjudged against the City of Memphis.

CARNEY, P. J., and NEARN, J., concur.