162 N.J. Super. 466 (1978)
393 A.2d 598
JOHN IVAN AND HELEN IVAN, PLAINTIFFS-RESPONDENTS,
v.
MARLBORO TOWNSHIP MUNICIPAL UTILITIES AUTHORITY; JOHN F. CRODDICK, SECRETARY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 17, 1978.
Decided September 13, 1978.
Before Judges FRITZ, BOTTER and ARD.
James A. Carey argued the cause for appellants.
Joseph D. Youssouf argued the cause for respondents (Dawes, Gross & Youssouf, attorneys).
*467 PER CURIAM.
Plaintiffs sued to restrain the imposition of a lien on their property by the Marlboro Township Municipal Utilities Authority (MT-MUA) for unpaid minimum annual charges of $30 a quarter or $120 per year. Appellants' brief states that this charge entitles plaintiffs to 25,000 gallons of water. There is an additional charge of $1.20 per 1000 gallons of water used in excess of 25,000. Plaintiffs use no water supplied by the MT-MUA because they have their own wells on their property. They stated that they objected to paying the tie-in charge of $236, but they did so under protest. They have not connected their home with MT-MUA's water system.
On cross-motions for summary judgment, the trial judge entered judgment in favor of plaintiffs relieving them of the obligation to pay MT-MUA's minimum service charges. Defendants appeal this determination.
The trial judge held that the MT-MUA is engaged in "a private or proprietary function which in its exercise is subject to the rules applicable to private corporations," Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 233 (1952), and a property owner cannot be compelled to pay for water he does not use unless he enters into a service contract. Austin v. Union Beach, 10 N.J. Misc. 670, 671 (Sup. Ct. 1932). See Daniel v. Oakland, 124 N.J. Super. 69, 72 (App. Div. 1973); cf. Lehigh Valley R.R. Co. v. Jersey City, 103 N.J.L. 574, 576-577 (Sup. Ct. 1927), aff'd 104 N.J.L. 437 (E. & A. 1928). Accordingly, the trial judge found in favor of plaintiffs.
Appellants contend that the right to impose minimum charges on all properties benefited by the water facilities is "implicit" in the municipal and county utilities authority law, N.J.S.A. 40:14B-1 et seq. They also contend that public policy requires this result.
N.J.S.A. 40:14B-21 contains the authority given to a utilities authority to charge water service charges and connection or tapping fees. The statute was recently amended "to conform" to the decision of the Supreme Court in Airwick *468 Industries v. Carlstadt Sewerage Auth., 57 N.J. 107 (1970), according to the Statement attached to Senate Bill No. 69, L. 1977, c. 441. The amendment clarifies the charges that may be made for a "connection fee or tapping fee" as distinguished from "water service charges." The connection fee may be "the actual cost of the physical connection plus an amount representing the fair contribution of the connecting party toward the debt service charges on the bonds issued for the installation and construction of the water system previously paid by users of the water system * * *." N.J.S.A. 40:14B-21, as amended.
Airwick Industries, supra, dealt with the "Sewerage Authorities Law," N.J.S.A. 40:14A-1 et seq. Referring to statutory provisions similar to those before us, the Supreme Court held that
* * * properties actually using the system should alone absorb the cost of `operation and maintenance,' since the expenditures for such purposes arise solely from that use. On the other hand all properties, where service is available, whether actually using the system or not, should absorb the debt cost. The basis for this conclusion lies in the fact that the debt, as noted, represents the construction and installation expense, from which every property received some benefit and increase in value. [57 N.J. at 120]
We agree with the trial judge that nonusers of the system cannot be compelled to pay a minimum fee based on operating costs and expenses as well as debt service without contracting for the use of the system. See Austin v. Union Beach, supra; Smith v. Norton Tp., 2 Mich. App. 17, 138 N.W.2d 522 (Ct. App. 1965). But cf. Lake Stevens Sewer Dist. v. Village Homes, 18 Wash. App. 165, 566 P.2d 1256 (Ct. App. 1977). As in Airwick Industries, supra, all properties, whether improved or not, "benefit from the mere availability of the system for service." 57 N.J. at 120-121. Even unimproved properties benefit by the "potential standby service." Id. at 121. Thus, the court held that future users may be required to pay an escalated fee "to absorb a fair proportion of the sum theretofore paid by *469 the actual users for principal and interest on the bonds." Id. at 122. By virtue of the connection fee users who come into the system late may be required to pay an increased tie-in charge to offset charges imposed on the first users of the system who paid for operating and maintenance costs as well as debt service.
The trial judge declined to determine whether a property owner may be compelled to connect with the system, since he found in favor of plaintiffs on the issue of service charges. We, too, do not pass on this issue since it goes beyond the issues on this appeal. The minimum service charges here include operating costs as well as debt service. Absent the imposition of connection charges adjusted to the Airwick rationale, we need not consider whether plaintiffs may be compelled to pay such charges in addition to the payment previously made. However, in our view, nonusers of the system cannot be compelled to pay a minimum service charge for costs of operation and management. No statutory provision expressly authorizes the imposition of such charges upon non-users, and the sense of the law, as viewed in the analogous Airwick Industries case, speaks against this practice.
Affirmed.