Elmore and another vs. Hill.

Elmore and another vs. Hill.

*December 24, 1880 — March 2, 1881.*

Sheriff. *Negligence in levying execution.*

An execution defendant, a corporation, carried on its business in a city, within a mile and a half of the court house. The execution was delivered to the sheriff at 4 P. M., April 25th; the under-sheriff saw the secretary of the company the same evening, asked if he was ready to pay

it, and was informed that the board of directors would meet in the morning, and make some arrangement about paying it. Nothing farther was done by the officer about collecting the execution, though the debtor had property sufficient to satisfy it, which might readily have been found; and on the 29th of April the company made an assignment, and the execution plaintiff lost his debt. *Held*, that upon these undisputed facts (no excuse being shown) the officer was guilty of negligence and liable for the loss; and it was error to submit the question of his negligence to the jury.

Orton, J., dissents.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for the failure of defendant, as sheriff, to levy an execution upon a judgment in favor of the plaintiffs against the Fond du Lac Threshing Machine Company. The facts shown upon the trial, so far as important here, are stated in the opinion. Several questions were submitted to the jury for special verdict, one of which was as follows: "Did the defendant, upon the receipt by him of the execution described in the complaint, use ordinary and reasonable care, diligence and speed in endeavoring to collect the same?" The jury answered this question affirmatively, and found generally for the defendant. Plaintiffs objected and excepted to the submission of this question, insisting that the court should have directed a verdict in their favor. Plaintiffs' motion for a new trial was denied, and they appealed from a judgment against them upon the verdict.

For the appellants there was a brief by *Giffin & Williams*, and oral argument by *Mr. Williams*.

*Edward S. Bragg*, for the respondent.

Cole, C. J. The rule of diligence required of an officer in making a levy on an execution placed in his hands for collection, was very clearly and carefully stated by Mr. Justice Lyon when this case was here on a former appeal. See 46 Wis., 618. It is there said that "the result of the adjudications on the subject seems to be, that on receipt of the execution, in

the absence of specific instructions, the officer must proceed with reasonable celerity to seize the property of the debtor, if he knows, or by reasonable effort can ascertain, that such debtor has property in his bailiwick liable to seizure on execution. The officer must do this as soon after the process comes to his hands as the nature of the case will admit. If he fails to execute the process within an apparently reasonable time, the burden is upon him to show, by averment and proof, that his delay was not in fact unreasonable. Failing this, he must respond in damages to the party injured by his negligence."

Within this rule of law, it is clear to our minds that the plaintiffs were entitled to judgment upon the undisputed facts of the case, and the court should have so directed the jury to find. The execution was delivered to the sheriff about 4 P. M. of the 25th of April, 1876. The defendant in the execution carried on its business in the city of Fond du Lac, within a mile or a mile and a half of the court house. The under-sheriff the same evening saw the secretary of the company, and told him that he had an execution against the company, and asked him what he was going to do about it; if he was ready to pay it. The secretary informed him that the board would have a meeting the next morning, and make some arrangement — as the under-sheriff understood — about paying the execution. Nothing further was done towards collecting the execution by the officer, and on the following Saturday, the 29th of April, the company made an assignment. It was admitted that during this time the judgment debtor had property accessible, or which the officers might readily have found, sufficient to satisfy the execution. Under these circumstances, as was said by Mr. Justice LYON in the former opinion, we have no difficulty in holding that this unexplained delay was actionable negligence if the debt was thereby lost. For the purposes of the case we assume that no instructions were given to the sheriff by the plaintiffs' attorney to proceed and execute the writ at once. Proper diligence required him

to make a levy within a reasonable time without such instructions. It probably would not have taken an hour to make a levy, as the property of the judgment debtor was so accessible and near at hand. The delay of the officer in making it is unexplained and entirely unexcused. The plaintiffs have lost their debt in consequence of it, and the defendant is answerable for the injury occasioned by his want of diligence in the discharge of his duty. See *Lindsay's Ex'rs v. Armfield*, 3 Hawks (N. C.), 548; *Hearn v. Parker*, 7 Jones' Law (N. C.), 150; *Hinman v. Borden*, 10 Wend., 367; *Janvier v. Vandever*, 3 Harrington, 29; *State v. Roberts*, 7 Halstead, 115; *State ex rel. Mann v. Brophy*, 38 Wis., 413. The court in this case should have directed the jury, upon the evidence, to render a verdict for the plaintiffs for the amount claimed in the complaint. There was no testimony which warranted submitting to the jury the question whether the defendant, upon receipt by him of the execution, had used reasonable and proper diligence in endeavoring to collect the same.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to give judgment for the plaintiffs.

ORTON, J., dissents.