Crosby v. Hungerford.

[The two opinions next following, which were filed at the June term, 1882, were held for rehearing, and did not come into my hands in time for publication in their proper order. REPORTER.]

## CROSBY v. HUNGERFORD ET AL.

1. **Pleading:** REDUNDANT ALLEGATIONS: PROOF OF NOT NECESSARY. In an action against the sureties on a sheriff's bond for negligence of the sheriff in failing to levy an execution upon certain property in the possession of the execution debtor, *held* that it was sufficient for the defendants, having admitted that the execution debtor had in his possession certain articles of personal property, to deny that he was the owner of them; and although defendants proceeded to aver with particularity the ownership of each article of such personal property, such averments were redundant, and it was not incumbent upon defendants to prove the same.

2. **Execution:** DUTY OF SHERIFF TO LEVY: INSTRUCTION. In such action the court gave the following instruction: "Under said execution the sheriff was bound to levy on the property in possession of the execution debtor, but if he failed to levy thereon, and if the evidence shows that the property was then the property of some one other that the execution debtor, then the defendants herein are not liable for the failure, if any, of said sheriff to levy on said property:"—*held* correct and properly given.

3. ——: ——: MEASURE OF SKILL AND DILIGENCE REQUIRED. The exercise of such skill and diligence as a reasonable man would exercise in the performance of like duties under the same circumstances, is all that can be required of a sheriff in levying upon property under an execution.

4. **Instructions:** REPETITION NOT REQUIRED. It was not error to refuse to give to the jury an instruction asked by a party, when the instruction refused was substantially covered by one given.

5. **Evidence:** IMPROPER ADMISSION OF: ERROR WITHOUT PREJUDICE. Where a fact was established by testimony which is not disputed, the appellant cannot claim to have been prejudiced by the admission of other immaterial testimony tending to establish the same fact.

6. **Practice:** INTERROGATORIES TO JURY: DUTY OF PARTY PROPOSING. The statute is imperative that a party proposing to submit to the jury special interrogatories shall submit the same to the attorney of the adverse party *before the argument is begun.* It is not sufficient that they be submitted to the court; and the court did not err in refusing to submit to the jury interrogatories which had not been submitted to the adverse attorney within the time provided by statute.

7. **Verdict:** EVIDENCE TO SUPPORT. Where there is some evidence to support a verdict, it will not be set asde in this court as being without support.

## *Appeal from Sioux District Court.*

### FRIDAY, JUNE 9.

ACTION upon a sheriff's bond. The defendants are sureties upon the bond. The principal, one Innis, is dead. The plaintiff obtained a judgment against one Van Sickle and caused execution to be issued and placed in the hands of Innis, who was sheriff of Plymouth county. No levy was made by Innis, and the plaintiff avers that he was guilty of negligence in not making a levy. The defendants deny that he was guilty of negligence. There was a trial to the jury and verdict and judgment rendered for the defendants. The plaintiff appeals.

*H. C. Heminway* and *H. C. Curtis,* for appellant.

*G. W. Argo* and *Isaac Pendleton,* for appellee.

ADAMS, J.—I. The defendants in their answer admitted that Van Sickle, the execution debtor, had certain personal property in his possession but averred that he did not own the same. They described the property, showing it to consist of agricultural implements, and they set out the name of the owner of each implement. The court instructed the jury that, if the evidence showed that the property belonged to some one other than Van Sickle, the defendants were not liable for Innis' omission to levy on the same. The plaintiff contends that the court misconceived and misstated the issue, for that under the averments of the answer it was incumbent upon the defendants to prove that the several implements belonged to the several persons respectively named in the answer as the owners thereof, and that it was not sufficient for the defendants to prove that they belonged to some one other than Van Sickle.

1. PLEADING: redundant allegations: proof of not necessary.

The answer to our mind contained more than is necessary.

The plaintiff had averred, as it was incumbent upon him to do, that there was property liable to the execution. He had also averred that Innis was guilty of negligence in omitting to· levy. Under the issue thus tendered, it was sufficient for the defendants to deny that there was property liable to the execution, or, if they were satisfied that there was such property, they might simply deny that Innis was guilty of negligence. This they did do and in addition averred with particularity the ownership respectively of the different articles of property in Van Sickle's possession. Now whatever view the court may at one time have taken of the necessity of such averment, we have to say that we think it was not necessary, and that the court did not err in omitting to instruct the jury that the ownership must be proved strictly as averred. If Van Sickle did not own the property it was not important to inquire who did.

We ought perhaps to say in this connection that the plaintiff seems to have conceived the idea that an admission of possession of personal property by Van Sickle was an admission of the defendant's liability, unless avoided by an averment that the property was owned by some person other than Van Sickle. But possession by Van Sickle was merely presumptive evidence that he was the owner. This presumption might be overcome by evidence that he was not the owner, and such evidence was admissible under the denial that there was property liable to the execution.

II. The court gave an instruction in these words: "Under said execution the sheriff, Innis, was bound to levy on the property in the possession of Van Sickle, but if he failed to levy thereon, and if the evidence shows that the property was then the property of some one other than Van Sickle, then the defendants herein are not liable for the failure, if any, of said Innis to levy on said property." The giving of this instruction is assigned as error.

2. EXECUTION: duty of sheriff to levy: instruction.

The plaintiff's contention is, if we understand it, that the

sheriff, having violated an imperative obligation to levy on the property in Van Sickle's possession, became liable to the amount of the full value thereof, not exceeding the amount of the execution, and that it is not material whether Van Sickle had any interest in the property or not.

It was held in *Evans & Son v. Thurston*, 53 Iowa, 122, that where on officer has levied an execution, and has been indemnified, it is his duty to hold the property, and subject it to his execution, and that if he releases it he cannot be allowed to escape liability by showing that the property did not belong to the execution debtor. But the reasoning in that case will show that it is not applicable to the case at bar. It is abundantly evident that, if Van Sickle had no interest in the property in question, the plaintiff sustained no injury by the sheriff's failure to levy, and we think it allowable for the defendants to show that Van Sickle had no interest. *Governor v. Campbell*, 17 Ala., 566.

III. The court instructed the jury that if the sheriff used ordinary skill and diligence in the discharge of his duties the defendants would not be liable. The giving

3. —— : —— :
measure of skill and diligence required.

of this instruction is assigned as error. It is contended that the sheriff was bound to use more than ordinary skill and diligence. But we cannot say that he was, if we take the words used in the sense in which they appear to have been used. The court defined ordinary skill and diligence as being such as a reasonable man would exercise in the performance of like duties under the same circumstances. Reasonable diligence we think is sufficient. *Elmore v. Hill*, 51 Wis., 365; *Barnes v. Thompson*, 2 Swan, (Tenn.), 312.

IV. The plaintiff requested the court to instruct the jury that any statement to the sheriff by Van Sickle that the property in his possession was not his, would not relieve

1. INSTRUCTION: repetition not required.

the sheriff from his obligation to levy. The court refused to so instruct and the refusal is assigned

Crosby v. Hungerford.

as error. The court had already given an unqualified instruction to the effect that the sheriff was bound to levy upon any property in Van Sickle's possession. This was equivalent to saying that there was nothing shown in the case which could relieve him from the obligation. The instruction refused was we think substantially covered by the one given.

V. The plaintiff assigns as error the admission in evidence of a contract executed by him to the Adams & French Harvester Co. The contract purported to show that they made Van Sickle their agent for the sale of harvesters. It also showed the terms of the agency. Van Sickle testified that a certain harvester in his possession was received by him from the Adams & French Harvester Co. as their agent. He says that he received it under a contract executed in 1875, the terms of which were similar to the terms of the contract introduced in evidence, which was executed in 1876. The plaintiff insists that the contract was immaterial and secondary evidence. If we should concede that the contract was inadmissible, we should not be able to say that the plaintiff was prejudiced. The testimony of Van Sickle that he received the harvester as agent seems to be undisputed.

*5. EVIDENCE: improper admission of: error without prejudice.*

VI. The plaintiff complains that certain interrogatories proposed by him for submission to the jury the court refused to submit. The defendants objected to the submission on the ground that they were not pertinent, and would tend to confuse the jury, and upon the further ground that they were not submitted to the defendant's attorneys until after the argument had commenced. The statute is imperative that such questions must be submitted to the attorneys of the adverse party before the argument is commenced. It is contended that it is sufficient that they were submitted to the court, because it must be presumed that the court submitted them to the attorneys of the adverse party, but we think otherwise.

*6. PRACTICE: interrogatories to jury: duty of party proposing.*

VII. The plaintiff contends that the verdict is without support, because there was no evidence that Van Sickle was not the owner of the personal property in his possession. The evidence upon this point is not very full, but Van Sickle testifies in these words: "None of this property which was received according to the written contracts I have produced belonged to me, and I had no property liable to be taken on execution." We think that the verdict could not be said to be without support. The judgment must be .

7. VERDICT: evidence to support.

AFFIRMED.