HAWKEYE LUMBER COMPANY, Appellant, v. J. W. DIDDY, Appellee.

Sheriffs: SERVICE OF EXECUTION: LIABILITY FOR NEGLIGENCE. A sheriff is not liable for a failure to hold property levied upon under execution at the direction of the execution creditor, in the absence of any showing that the creditor has been prejudiced thereby.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

MONDAY, FEBRUARY 8, 1892.

THIS is an action against the defendant, as sheriff of Dallas county, for damages in failing to perform his duty in the matter of levying upon and holding certain money upon an execution issued on a judgment in favor of the plaintiff and against the Perry Agricultural Society. There was a demurrer to an amended petition, which was sustained, and the plaintiff appeals. *Affirmed.*

*Cardell & Nichols*, for appellant.

*John Shortley*, for appellee.

ROTHROCK, J.—It is not necessary to set out the amended petition nor the grounds of the demurrer. The learned judge of the district court put his decision in the form of an opinion, which plainly states all of the facts necessary to be considered in determining the question presented by the record. The opinion and decision is as follows: "The amended and substituted petition alleges that, on May 15, 1889, judgment was rendered in favor of plaintiff and against the Perry Agricultural Association for five hundred and one dollars and ninety-four cents and costs; that, October second, it caused an execution to be issued and placed in the hands of said sheriff, who, by his deputy, under the direction of the plaintiff, on October third, levied upon two hundred and ninety-five dollars, as the property of said execution defendant. On the same day, upon the verbal demand of one Charles Ainley, who claimed to be entitled to said money by assignment from said execution defendant, this defendant, without plaintiff's knowledge or consent, and without being notified in writing, paid said money to said Ainley, and immediately garnished said Ainley, upon his own motion, as a supposed debtor of said execution defendant; that plaintiff at once refused to recognize said garnishment, and notified defendant that it would hold him responsible. The petition does not allege that said money was in fact the money of said execution defendant, or that it was liable to said debt or subject to said levy; but said petition does show that said money was garnished in the hands of said Ainley. Money or property may be lawfully garnished in the hands of a third person; and, when an officer levies upon property, he may lawfully place the same in the custody of a third person. It appears to be well settled that a ministerial officer, in the exercise of his official

duty, is only held to ordinary care, and that he is not liable if he use ordinary skill and reasonable diligence; and, before one can recover against such officer, it is incumbent upon the one so claiming to allege and prove negligence on the part of such officer. In my judgment, the amended and substituted petition is insufficient—*first*, because it fails to allege that the money levied upon was the money of said execution defendant and subject to such levy; *second*, that said money was lost to plaintiff because of defendant's negligence, together with the facts constituting such negligence; *third*, facts showing why plaintiff suffered injury because of the acts of defendant in the garnishment proceedings. Even though defendant did not strictly follow the directions of plaintiff in making the levy, that would not render defendant liable, unless plaintiff suffered loss by reason thereof, and that such loss was caused by defendant's negligence. If defendant in fact made a lawful levy by garnishment, plaintiff could not for that reason refuse to avail himself of the acts of said officer, and then hold the officer liable; and, if plaintiff suffered loss from his own acts in rejecting the levy made by the officer, surely it would be bad law to hold defendant liable for that reason. But plaintiff insists that he is entitled to the benefit of the levy made under his direction, and that defendant is liable because he released this levy without having received written notice. He certainly would not be so liable unless injury to plaintiff was alleged and proven. I have no doubt in coming to the conclusion that the amended and substituted petition in this case is insufficient. The demurrer is sustained, and plaintiff excepts."

It appears to us that very little further is necessary to be said in the case. The decision and opinion of the district court appear to us to be correct. There may be some question as to the burden of proof in such a case. But there can be no doubt that the petition

should show that the plaintiff was damaged by the surrender of the money to Ainley. If the money did not belong to the defendant in execution, the plaintiff did not sustain even nominal damages; and, for all that appears in the petition, the money did not belong to the agricultural association.. In our opinion, the ruling of the district court demands neither the citation of authority nor further elaboration to sustain it. AFFIRMED.