## FRATTA v. GRACE LINE, Inc.
### No. 58.

Circuit Court of Appeal, Second Circuit.
Nov. 17, 1943.

Jacob Rassner, of New York City, for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, Vernon Sims Jones, and James B. Magnor, all of New York City, of counsel), for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ Adoph Fratta was employed as a seaman from March 10, 1938, to July 11, 1938, aboard defendant's vessel, S.S. "Santa Inez." He died of cancer of the stomach on August 16, 1939. There was testimony from which the jury might reasonably believe that, while in defendant's employ, he ate bad food served to him by defendant. The sole question is whether there was sufficient evidence to go to the jury on the issue of whether the eating of the bad food was a contributing cause of the cancer.[1] There

---

[1] Defendant argues that plaintiff's complaint alleged that Fratta's death was due merely to the failure of defendant to furnish adequate medical and surgical aid while he was in defendant's employ, after he became ill, and mentioned nothing about his death having been caused by an ulcer which led to cancer. But plaintiff's bill of particulars expressly stated such facts, so that defendant was in no way surprised; it was therefore entirely proper that plaintiff should ask at the close of the case to have her pleadings amended to conform to the proof. The trial court judge in effect granted leave so to amend and in so doing obviously committed no error.

was evidence indicating that Fratta was suffering from a gastric ulcerous condition before and while he was employed by defendant. There was expert testimony that the eating of bad food could cause or aggravate such an ulcerous condition. While some of the expert testimony was to the effect that the eating of bad food did not, and could not, cause or contribute to cancer, one physician, Dr. Engel, who sufficiently qualified as an expert, testified that the eating of poor food or bad food would so aggravate a gastric ulcer as to lead to cancer; he stated that, basing his opinion on the hospital records which were in evidence, he was of the opinion that "there was a sequence between the initial ulcer and the subsequent cancer." Whatever the trial judge may have thought of the competence of the respective experts, it was not within his province to pass upon that issue. Accordingly, the trial judge erred in directing a verdict.

We take this occasion to suggest to trial judges that, generally speaking—although there may be exceptions—it is desirable not to direct a verdict at the close of the evidence, but to reserve decision on any motion therefor and allow the jury to bring in a verdict; the trial judge may then, if he thinks it improper, set aside the verdict as against the weight of the evidence and grant the motion, Federal Rules of Civil Procedure, rule 50(b), 28 U.S.C.A. following section 723c, with the consequence that if, on appeal, we disagree with him, we will be in a position to reinstate the verdict, thus avoiding the waste and expense of another trial.

Reversed.