In this automobile accident case, plaintiff, Malkin, a passenger in the car of one Nusbaum, which was in collision with the car of the defendant Parsons, sued Parsons only for alleged negligence. Parsons moves, over Malkin's objection, to have Nusbaum joined as a third-party *Page 320 
defendant or an additional defendant. Meanwhile, in the District Court, Parsons had sued Nusbaum for his damages from the same accident, the court giving judgment in Parsons' favor.
Defendant asks for the joinder of Nusbaum on the grounds that (1) this will completely adjudicate the rights of all parties arising out of the accident, and that (2) if Nusbaum is not joined, he may be limited in giving evidence to show that Nusbaum, and not he, Parsons, was responsible for the accident.
The latter ground is of course incorrect. Even without Nusbaum as a party, Parsons can give full evidence at the trial as to how the accident occurred, allegedly through Nusbaum's sole fault, using Nusbaum as a witness if necessary. Further, while Parsons' first ground may be good policy, unfortunately it does not accord with the court rules.
As to joining Nusbaum as a third-party defendant, this is permissible only if Nusbaum "is or may be liable to him (Parsons) for all or part of the plaintiff's claim against him (Parsons)." [Rule 3:14-1.] While Nusbaum is liable to Parsons for the damages to Parsons, as previously adjudicated in the other suit, Nusbaum is not liable to Parsons "for all or part of the plaintiff's (Malkin's) claim." In New Jersey there can be no contribution between joint tort-feasors, even those who are not wilful, with an exception not here pertinent [Martz Co. v.Hudson Co., 23 N.J. Misc. 342 (Sup. Ct. 1945)], despite the growing rule to the contrary elsewhere [Knell v. Feltman,174 F.2d 662 (C.A.D.C. 1949)]. The federal adjudications, under the similar third-party practice under Federal Rule 14, are not to the contrary. In general, in non-contribution states, such as New Jersey, such joinder may not be compelled against plaintiff's will. [Satink v. Holland Township, 31 F. Supp. 229
(D.C.N.J. 1940).] Those cases permitting such joinder are inapplicable, since they were decided at a time when Rule 14 permitted the joinder of another defendant who either might be liable to such defendant "or to the plaintiff," as Nusbaum might be liable to Malkin here. But this provision of the *Page 321 
federal rule has now been stricken, in accord with the New Jersey rule.
As to joining Nusbaum as an additional defendant, this is of no moment to Parsons, though it might be to the courts themselves, in order to save additional litigation. For, regardless of the outcome of the present action, without Nusbaum as a party, Parsons cannot be again held responsible in a later action against Nusbaum alone. Furthermore, the present rules apparently do not permit the protection of this interest of the courts themselves in completely concluding litigation. For the pertinent rule specifically provides that persons "severally or jointly and severally" liable, as Parsons and Nusbaum may be, may be joined as parties only "at the option of the plaintiff." [Rule
3:19-4.]
Defendant's motion will be denied.