26 N.J. Super. 544 (1953)
98 A.2d 632
ELEANOR M. DOUGLAS, AN INFANT, BY HER GUARDIAN AD LITEM, KATHERINE DOUGLAS, AND KATHERINE DOUGLAS, INDIVIDUALLY, PLAINTIFFS,
v.
ROBERT W. SHERIDAN, AN INFANT, AND ELLEN C. SHERIDAN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 13, 1953.
*546 Messrs. Budd & Larner, attorneys for plaintiffs (Mr. Samuel A. Larner appearing).
Mr. Richard D. Porter, attorney for defendants.
SPEAKMAN, J.C.C. (temporarily assigned).
Plaintiff Eleanor M. Douglas, an infant, was riding in a car owned by defendant Ellen C. Sheridan and operated by defendant Robert W. Sheridan, an infant, on January 11, 1953 on Grafton Avenue near Oraton Street in Newark, New Jersey. The defendants' car collided with a car owned by Mary Davis and operated by Robert Davis resulting in injury to the plaintiff. On March 4, 1953 the plaintiffs instituted this action against the defendants alleging that as a result of their negligence the plaintiff was injured. In their answer defendants deny the allegations of negligence and allege that the collision was caused by the negligence of Robert Davis. The defendants then filed this motion wherein they seek as third-party plaintiffs to join Robert and Mary Davis as third-party defendants under Rule 3:14-1 by virtue of the provisions of the Joint Tortfeasors Contribution Law.
Prior to June 18, 1952, the effective date of the Joint Tortfeasors Contribution Law, L. 1952, c. 335, p. 1075, N.J.S. 2A:53A-1 et seq., our courts adopted the rule generally applied elsewhere that there could be no contribution or indemnification between joint tortfeasors. Malinauskas v. Public Service Interstate Transp. Co., 6 N.J. 269 (1951); Frank Martz Coach Co., Inc., v. Hudson Bus, &c., Co., 23 N.J. Misc. 342 (Sup. Ct. 1945); Cosgrove v. Ellenstein, 114 N.J.L. 155 (E. & A. 1935); Universal, &c., Ins. Co. v. Caltagirone, 119 N.J. Eq. 491 (E. & A. 1936); Price v. Greenway, 167 F.2d 196 (3 Cir., 1948). See 13 Am. Jur., *547 Contribution, sec. 37. It was accordingly held that a joint tortfeasor could not be a person "who is or may be" liable to the defendants and consequently could not be joined as a third party under Rule 3:14-1. Malkin v. Parsons, 7 N.J. Super. 318 (Cty. Ct. 1949). See Smith, Pleadings and Motions, in Schnitzer, The New Practice, 57 (1949).
Section 3 of the Contribution Law provides:
"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share."
and section 1 provides that "`joint tortfeasors' means two or more persons jointly or severally liable * * *, whether or not judgment has been recovered against all or some of them." Obviously, under our act, there need not be a joint judgment before the right to contribution arises. See Commissioners' Note, section 1, Uniform Contribution Among Tortfeasors Act, 9 U.L.A. 156.
Rule 3:14-1 provides:
"A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Italics supplied.)
Since "may be" is equivalent to "possibly" or "probably" as distinguished from "certainty" (Webster's New International Dictionary (2d ed. 1949), 1517), it would appear that the defendants are only required to show that there is a probability or possibility of liability to them from the third party in order to join the alleged joint tortfeasors as third-party defendants. See Buckner v. Foster, 105 F. Supp. 279 (D.C. Mich. 1952). Compare Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (2 Cir., 1942), certiorari denied, Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. *548 1028, 87 L.Ed. 1698 (1943), with Knell v. Feltman, 85 U.S. App. D.C. 22, 174 F.2d 662 (1949).
Plaintiffs contend, however, that since under our statute a tortfeasor cannot obtain contribution from a joint tortfeasor until he (the first tortfeasor) has paid a judgment recovered against him, the defendants here should not be permitted to serve the third-party complaint upon the alleged joint tortfeasors and rely upon Brown v. Cranston, supra; Malkin v. Arundel Corporation, 36 F. Supp. 948 (D.C. Md. 1941); Baltimore & O.R. Co. v. Saunders, 159 F.2d 481 (4 Cir., 1947).
In each of the foregoing cases the federal court involved was applying state law: in the first case the law of New York, in the second case the law of Maryland, and in the third case the law of West Virginia. The statutes of the respective states involved in all three cases require that a joint judgment be recovered before there can be a right to contribution among joint tortfeasors. A similar result was reached under a similar statute in Buckner v. Foster, supra, where the federal court applied the law of the State of Michigan. However, there is no such requirement in our statute. Our statute provides, as previously stated, that "joint tortfeasors" means two or more persons jointly or severally liable whether or not judgment has been recovered against all or some of them.
In jurisdictions where a joint judgment is not a requisite to contribution, it is uniformly held that a joint tortfeasor may be joined as a third-party defendant under procedural provisions similar to our Rule 3:14-1. Knell v. Feltman, supra; Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 48 A.L.R. 276 (Sup. Ct. 1926), rehearing, 210 N.W. 822 (Sup. Ct. 1925); Gustafson v. Johnson, 235 Minn. 358, 51 N.W.2d 108 (Sup. Ct. 1952); Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912 (Sup. Ct. 1945); Gray v. Hartford Accident Indemnity Corp., 31 F. Supp. 299 (D.C. La. 1940); Pucheu v. National Surety Corp., 87 F. Supp. 558 (D.C. La. 1949). But see Linkenhoger v. Owens, 181 F.2d 97 (5 Cir., 1950).
*549 Our rules of court are designed to "facilitate business and advance justice, to make practice just and simple, and to prevent unreasonable delays and expense." Milk Drivers, etc., Local 680 v. Shore Dairies, Inc., 8 N.J. 32, 38 (1951); cf. Federal Rules of Civil Procedure, Rule 14 (a), 28 U.S.C.A. (amended 1946); Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., 199 F.2d 60, 63 (C.C.A. 4 1952); See 3 Moore's Federal Practice (2d ed. 1948), 412; 1 Barron and Holtzoff, Federal Practice and Procedure (Rules ed. 1950), 838; 6 Cyclopedia of Federal Procedure (3d ed. 1951), 69. Since the alleged joint tortfeasors may eventually be liable to the defendants for part of any sum for which the defendants are adjudged liable to the plaintiffs, both the letter and the spirit of Rule 3:14-1 require that the defendants be permitted to join them as third-party defendants. See 3 Moore's Federal Practice (2d ed. 1948), 430; 6 Cyclopedia of Federal Procedure (3d ed. 1951), 78. In the Commentary, Impleader of Joint Tortfeasor, 4 F.R.S. 900, 901 (1941), it is stated:
"Where the applicable state law permits contribution between joint tortfeasors regardless of whether plaintiff chooses to join them there should be no bar to impleader; and it has been so held. The fact that the liability of the other tortfeasors for contribution may not arise until the original defendant has paid the judgment, does not prevent their being brought in under the `is or may be' clause of Rule 14a. * * *."
See also Note, 47 Harv. L. Rev. 209, 228 (1933); 13 Am. Jur., Contribution, sec. 73; Note, 11 A.L.R.2d 228, 237 (1950).
The sufficiency of the third-party complaint attached to the notice of motion has not been raised and therefore has not been considered.
An Order permitting the defendants as third-party plaintiffs to serve a third-party complaint may be entered.