Barbara E. KIMMEL, Administratrix of the Estate of Frank C. Kimmel, Deceased,

v.

YANKEE LINES, Inc., a corp.

Civ. A. No. 9891.

United States District Court
W. D. Pennsylvania.

Nov. 9, 1954.

---

A. H. Rosenberg, Pittsburgh, Pa., for plaintiff.

William C. Walker (of Dickie, Mc-Camey, Chilcote, Reif & Robinson), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

These are Survival and Wrongful Death Actions based on negligence arising out of an automobile collision at a highway intersection which occurred in Pennsylvania.

The case was administered by jury trial.

In answer to specific interrogatories, the jury found that decedent was free of contributory negligence and defendant's negligence was the proximate cause of the accident.

A verdict was returned in favor of the plaintiff for $1,691 pursuant to the Survival Action, and $7,200 pursuant to the Wrongful Death Action.

The instant motion is for a new trial and/or judgment notwithstanding the verdict.

For purpose of brevity, plaintiff, Barbara E. Kimmel, Administratrix of the Estate of Frank C. Kimmel, deceased, will be designated as Kimmel, defendant, Yankee Lines Inc., a corporation, will be designated as Yankee and the Court of Common Pleas of Beaver County, Pennsylvania, will be designated as State Court.

The circumstances which surround the accident are as follows:

Kimmel had two passengers in his car as guests. He operated said vehicle on a road which intersected a through highway. After stopping his vehicle, he proceeded to cross the main highway and a collision occurred between his vehicle and a tractor trailer operated by Yankee.

### Motion for New Trial

The general allegations are advanced that the verdict was against the evidence, the weight of the evidence and the law.

There was ample evidence in this case to justify the jury in its finding in favor of the plaintiff. It is my duty to recognize that a court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Penna. R. Co., 3 Cir., 182 F.2d 793.

I have most carefully reviewed the record, and I am satisfied that the weight of the credible evidence, and inferences to be drawn therefrom, is sufficient to sustain the jury's findings.

Motion for new trial will be refused.

### Motion for Judgment Notwithstanding Verdict Under Rule 50(b) of Federal Rules of Civil Procedure

In connection with a motion for judgment notwithstanding the verdict or for a directed verdict, it is not the province of the court to substitute its judgment for that of the jury. The choice of conflicting versions of the way the accident happened, the decision as

to which witness was telling the truth, the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury. Tennant v. Peoria & P. U. Ry. Co., supra; and where, as here, the case turns on controverted facts and the credibility of witnesses, the case is peculiarly one for the jury. Washington & Georgetown R. Co. v. McDade, 135 U.S. 554, 572, 10 S.Ct. 1044, 34 L.Ed. 235; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 68, 63 S.Ct. 444, 87 L.Ed. 610.

In my opinion the evidence clearly establishes negligence on the part of defendant Yankee and lack of contributory negligence on the part of the deceased, Kimmel. This fact, as heretofore stated, was found by the jury in answer to specific interrogatories.

What has been stated is not dispositive of the motion for a directed verdict or motion for judgment notwithstanding the verdict. A much more complex and intricate problem exists under the doctrine of res judicata.

Defendant Yankee confronts this court with a judgment entered in State Court, involving two of the parties to the instant proceeding.

It appears that passengers in Kimmel's car had filed suit against Kimmel and Yankee in State Court as joint defendants. The jury returned verdicts against Kimmel and Yankee, but the court entered judgment n. o. v. as to Yankee and sustained the verdict against Kimmel. ██ In this court the original answer of Yankee did not raise the defense of res judicata. Subsequent thereto, Yankee filed a motion for leave to file a supplemental answer as provided by Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C. Said motion was premised on the allegation that subsequent to the filing of the original answer the issues involved in the proceeding before this court became res judicata by virtue of proceedings in the State Court. Although the defense of res judicata was set forth in the supplemental answer as provided by Rule 8(c) of the Federal Rules of Civil Procedure, an associate

member of this court denied Yankee the right to file said supplemental answer and ordered that the defense raised in the answer should be presented at the time of trial without further answer.

With due deference to my associate member of this court, I believe said denial was error for the reason that under the provisions of Rule 8(c) Yankee was required to present the affirmative defense of res judicata by an answer.

I must, therefore, conclude that the defense of res judicata was properly raised in the supplemental answer of the defendant Yankee and it was, therefore, proper under the provisions of Rule 8(c) of the Federal Rules of Civil Procedure to admit the exemplification of the records of the State Court in support of said defense.

██ Res judicata, resting as it does on a prior judgment or decree said to adjudicate a pending controversy, primarily involves matters of fact which must be established of record, as are other facts, before the defense may be appropriately raised. Jones v. Costlow, 354 Pa. 245, 249, 47 A.2d 259.

In support of the defense of res judicata Yankee, out of hearing of the jury, offered in evidence an exemplification of the records of the State Court:

(a) Frank L. Allison, plaintiff, v. Barbara E. Kimmel, Administratrix of the Estate of Frank C. Kimmel, deceased, and Yankee Lines, Inc., a corp., 118 Sept. Term, 1952, Court of Common Pleas of Beaver County, Pennsylvania.

(b) Donald Richard Cantwell, Administrator of the Estate of Arthur Vincent Cantwell, v. Barbara E. Kimmel, Administratrix of the Estate of Frank C. Kimmel, deceased, and Yankee Lines, Inc., a corp., 113 Sept. Term, 1952, Court of Common Pleas of Beaver County, Pennsylvania.

Said actions were consolidated for trial and verdicts were returned in favor of the plaintiff in each case against both defendants. Subsequent thereto, the State Court entered judgment in each of said cases in favor of the defendant, Yankee, and sustained the verdict of

plaintiffs in said actions against Kimmel. Said judgments became final when no appeal was perfected by the plaintiffs or the defendant Kimmel in either of said actions.

▆ In view of the complexities of the problem presented on the defense of res judicata, under the facts as presented in the proceeding before this court, the defendant's motion for judgment on the basis of res judicata was refused and the matter submitted to the jury. This procedure was followed in order to avoid the necessity of a new trial in the event that the trial court would be in error in its evaluation of the legal question presented. Fratta v. Grace Line, Inc., 2 Cir., 139 F.2d 743.

The defendant again raises the defense of res judicata in its motion for a directed verdict as provided by Rule 50(b) of the Federal Rules of Civil Procedure.

It is noteworthy that the divers suits involving the parties to the instant proceeding were filed in the State Court during July of 1952.

The instant suit was filed in this court on September 28, 1951, or approximately ten months prior to the dates when the actions were instituted in the State Court. Nevertheless, by reason of the accumulated backlog of litigation which crowds the docket of the United States Court in the Western District, the adjudications in the State Court were rendered a considerable period of time before the trial of this case.

I think it likewise significant that plaintiff's counsel did not participate in the litigation adjudicated in State Court. The trial and disposition of the issues between the joint defendants in the State Court are not in dispute. However, the plaintiff in this court, Kimmel, contends the issue of liability between Kimmel and Yankee in the State Court did not decide the issue of liability between them and, therefore, the State Court judgments are not res judicata of the instant proceeding.

The question can be more simply posed as follows:

Where two tort-feasors are sued in a Pennsylvania State Court based on a cause of action arising out of an automobile accident which occurred in Pennsylvania, and judgment is entered in favor of the plaintiff against one defendant, does said judgment bar said defendant from sustaining a cause of action in a federal court against the defendant who was exonerated from liability in the State Court?

In the State Court A sues B and C; A recovers against B and C is exonerated from liability, can B sustain a cause of action against C in the federal court?

or

Are the judgments in the State Court res judicata as to the rights of the parties in this court?

▆ The operative facts having occurred in Pennsylvania, the question is to be answered by Pennsylvania law and the Pennsylvania decisions, so far as applicable, are controlling. Hornstein v. Kramer Bros. Freight Lines, Inc., 3 Cir., 133 F.2d 143; Hassenplug v. Victor Lynn Lines, D.C., 71 F.Supp. 70.

▆ The precise question has never been adjudicated by any appellate court in Pennsylvania, and my conclusions in this regard must necessarily be a matter of first impression.

For purpose of deciding the issue herein posed, it is incumbent upon me, therefore, to determine how the Supreme Court of Pennsylvania would resolve this same question if squarely presented to that court.

In approaching the problem, resort must be made to the decisions and rules of the Supreme Court of Pennsylvania which cast some light upon the subject, decisions in Pennsylvania courts of inferior jurisdiction, Acts of Assembly, and Rules of Procedure promulgated by the Supreme Court of Pennsylvania.

In this connection, the Pennsylvania Supreme Court decisions are enlightening, but are not decisive of the problem.

On the date the cause of action arose, July 16, 1951, the State Act of June 24,

1939, P.L. 1075, Section 1, 12 P.S.Pa. § 2081, was in effect and provided:

"Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary."

Pennsylvania Rule of Civil Procedure 2232(d), 12 Pa.P.S.Appendix, Rules of Civil Procedure, Rule 2232, provides that when a plaintiff joins two or more defendants and the evidence does not justify a recovery against all the court shall enter a nonsuit or direct a verdict in favor of any defendant now shown to be liable either jointly, severally or separately.

 Said rule was merely intended, in accordance with the Act of June 29, 1923, P.L. 981, 12 P.S.Pa. §§ 685, 686, to abrogate the strict common law rule that where a joint liability of defendants was pleaded the plaintiff was obliged to recover against all or none; it certainly was not intended to deprive a defendant of the right to present testimony before a codefendant should be relieved from liability by a nonsuit or a directed verdict in his favor. Thus, the Supreme Court has held that where there are two or more defendants, before entering a nonsuit or directing a verdict in favor of one of them the court should allow the other defendants to present their testimony on the question of the liability of each and all of them. Frank v. W. S. Losier & Co., Inc., 361 Pa. 272, 64 A.2d 829.

In order to prove an adverse relationship between joint defendants, defendant refers to fact that where an action in trespass is brought jointly against two defendants and the issue is not only between plaintiff and the defendants but also as between the defendants, and a verdict is rendered in favor of plaintiff and against one defendant and in favor of the other defendant, judgment may be entered on the verdict against the first defendant and a new trial granted as to the other defendant. Trerotola v. City of Philadelphia, 346 Pa. 222, 29 A.2d 788.

 The law is settled in Pennsylvania that where A sues B, and B brings C upon the record as an additional defendant, the judgment is res judicata, not only as between A on the one side and B and C on the other, but also as between B and C. Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17.

The Pennsylvania decisions allude to New York cases involving codefendants wherein the Supreme Court of New York enunciated the doctrine that judgments in negligence actions are not res judicata as to issues involved in a subsequent action by one of the defendants against the other. This is true, the court asserts, because in the negligence actions, there are neither pleadings nor issues litigated as between the two defendants sued as joint tort-feasors, judgments in those actions do not determine negligence or freedom from negligence of respective defendants, and plaintiffs in the negligence actions are not parties to the subsequent action by one of defendants against the other. Trotter v. Klein, 140 Misc. 78, 249 N.Y.S. 20; Glaser v. Huette, 232 App.Div. 119, 249 N.Y.S. 374; Simodejka v. Williams, supra.

It is most significant to note that New York has a statutory provision which allows contribution between joint defendants, and the cases indicated were decided in the light of said statute. Vol. 3A Gilbert Bliss N. Y. Civil Practice, Section 211-a, Civil Practice Act.

The Wisconsin's appellate court recognizes a distinction in suits brought against codefendants who were not parties adverse to each other. Included in the latter category is Bakula v. Schwab, 167 Wis. 546, 168 N.W. 378. In that case it was held that a judgment rendered in an action against joint tort-feasors is not res judicata even upon the question of the liability of the defendants to the plaintiff in a subsequent action between the tort-feasors; that a judgment in favor of the plaintiff against one or more codefendants is res judicata in subsequent actions between such codefendants so far as the question of indebtedness of the defendants to the plaintiff is con-

cerned, but no farther. As in the case at issue, the Wisconsin action involved a situation where the court had entered judgment in favor of one of the codefendants.

This Circuit has pronounced the rule that a conclusive adjudication has not been made between original joint defendants when the defendants are not in a position to assert a specific cause of action against each other. The doctrine of res judicata applies only where a cause of action has finally been determined between the parties. Shane v. Commercial Casualty Co., D.C., 48 F.Supp. 151, affirmed Shane v. Barger, 3 Cir., 132 F.2d 544.

The Supreme Court of New Jersey asserts that it is fundamental and universal that the former judgment proffered as res judicata in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were adverse parties. They must be opposite parties to the issue between them.

The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves so that each may have control of the pleadings to enable him to exhaust the question of liability enter se. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff, and tenders no issue to which the defendant may reply to or join issue upon so as to settle the liability of one to the other. There is no issue between codefendants. The plaintiff endeavors to hold both. It is the endeavor of each to escape liability to the plaintiff. Each might seek to escape liability by fastening the blame upon the other, but in no other sense are they adverse parties. Pearlman v. Truppo, 159 A. 623, 10 N.J.Misc. 477.

Pearlman v. Truppo was decided prior to the time that New Jersey had a Contribution Among Joint Tort Feasors Act. Douglas v. Sheridan, 26 N.J.Super. 544, 98 A.2d 632.

Nevertheless, the conclusions enunciated in Pearlman v. Truppo are given effect and application in Wisconsin and New York in spite of the fact that the latter decisions were rendered in the light of statutes allowing contribution among joint tort-feasors.

The precise question raised in the instant proceeding has been squarely decided by the Common Pleas Court of Washington County, Pennsylvania. In that case the court held that since joint defendants are not adversaries under the pleadings, a judgment in a trespass action arising out of a motor vehicle accident, which established the concurrent negligence of both defendants to the suit, is not res judicata as to the issue of negligence or the rights of such defendants in a subsequent proceeding between them arising out of the same accident. Chenger v. Peccan, 88 Pa.Dist. & Co. 186.

The only perceivable distinction between the Washington County case and the case at bar is the fact that both defendants were found jointly liable in Washington County, while in the case at bar judgment was entered in favor of one of the defendants. Nevertheless, such circumstance could in no way alter the basic principle of law thereunder enunciated.

Although it is true that the decision of an inferior court is not controlling upon the United States District Court in a diversity case, nevertheless some weight may be given to such decision. National Foam System v. Urquhart, 3 Cir., 202 F.2d 659; King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608.

I have been personally acquainted with Judge Gibson, the author of the Washington County opinion, for many years and I recognize in him an erudite and most able student of the law. For the period of approximately twenty years that he presided in the Washington County court, the members of the bar leaned heavily upon his acumen and penetrating insight into the law.

The view expressed by Judge Gibson is firmly buttressed by the American Law Institute Restatement of the Law of Judgments, Section 82, wherein it is stated:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate between themselves."

Under illustration it gives the following example, which invokes the same factual question as the case at bar:

"1. A and B are driving automobiles which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car." American Law Institute Restatement of the Law of Judgments, Section 82.

I cannot but help conclude, therefore, that the judgments in Beaver County are not res adjudicata as to the proceeding before this court.

Motion for new trial and/or judgment notwithstanding the verdict will be refused.