59 N.J. Super. 219 (1960)
157 A.2d 575
GILBERT HUNT, PLAINTIFF,
v.
HOSPITAL SERVICE PLAN OF NEW JERSEY AND MEDICAL-SURGICAL PLAN OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 15, 1960.
*221 Messrs. Kristeller, Zucker, Lowenstein & Cohen (Mr. Saul J. Zucker, of counsel), attorneys for the plaintiff.
Messrs. Pitney, Hardin & Ward (Mr. Frederick A. Frost, of counsel), attorneys for defendant Hospital Service Plan of New Jersey.
Messrs. Toner, Crowley, Woelper & Vanderbilt (Mr. William R. Vanderbilt, of counsel), attorneys for defendant Medical-Surgical Plan of New Jersey.
THOMPSON, J.C.C. (temporarily assigned).
This case involves the construction of two similar exception clauses of subscription contracts of the defendant Hospital Service Plan of New Jersey (hereinafter referred to as Blue Cross) and the defendant Medical-Surgical Plan of New Jersey (hereinafter referred to as Blue Shield).
This is an action by plaintiff Gilbert Hunt to recover certain sums allegedly due and owing to plaintiff under a Blue Cross contract (type F), effective July 1, 1956, and under a Blue Shield contract (type F), effective on the same day. Defendant Blue Cross counterclaims to recover $1,156.28, plus interest, allegedly paid by mistake of fact to plaintiff under the contract. At the argument defendant Blue Shield withdrew its counterclaim in the amount of $737.50.
On September 18, 1956 plaintiff's wife Emily sustained personal injuries as the result of an accident arising out of and in the course of her employment by the W.T. Grant Company. The injuries suffered by plaintiff's wife necessitated hospitalization and the services of several physicians. During the period of the accident and the resulting hospitalization, plaintiff's wife was covered for certain hospital, medical, surgical and obstetrical services under the subscription contracts issued to plaintiff by Blue Cross and Blue Shield.
*222 On April 3, 1958 a judgment was entered for plaintiff's wife in the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, awarding damages for the injuries sustained by plaintiff's wife in the accident of September 18, 1956. The statement of award provides:
"Unpaid medical bills: all medical and hospital treatments rendered petitioner as result of the accident of 9/18/56 were not authorized, are not compensable and not chargeable against respondent."
Defendants paid out various sums under the aforementioned contracts until they learned that plaintiff's wife had suffered her injuries as the result of the accident hereinabove mentioned.
Defendants, in denying liability under the contracts, rely upon the following clauses in their respective contracts which are substantially the same:
Blue Cross
"Section V. Services Not Eligible:
The plan shall not be liable, nor is Plan payment eligible: * * *
(4) For any sickness, disease or injury * * * for which hospital services are in whole or in part compensable under any State * * * workmen's compensation law * * *"
Blue Shield
"Section V. Services Not Eligible:
The Plan shall not be liable for payment: * * *
(5) For services rendered for any sickness, disease or injury * * * for which the services are in whole or in part compensable under any State * * * workmen's compensation law * * *"
The primary issue is whether the word compensable in the above clauses means "in fact compensated" or means "subject to compensation provided the proper procedures are pursued."

I.
In construing clauses in insurance contracts this court must follow the well settled rules of construction. Where the terms of a contract of insurance are clear and unambiguous, *223 the court has no choice but to enforce the contract as it finds it. It is only when the contract contains ambiguous language that the court will construe the contract against the party that drew it. Steiker v. Philadelphia National Insurance Co., 7 N.J. 159 (1951); Smith v. Metropolitan Life Insurance Co., 29 N.J. Super. 478 (App. Div. 1954).
We find the clause in question to be clear and unambiguous. Webster's New World Dictionary (College ed. 1958) defines "compensable" as "entitling to compensation, as an injury." "Compensate" is defined as "To make equivalent return to; recompense; pay * * *"
Applying this definition of "compensable" to the clauses before the court, we hold that the defendants are not liable under the contracts if plaintiff was "entitled to compensation" under the terms of the Workmen's Compensation Act. To hold for plaintiff's view we would necessarily have to substitute the word "compensated" for the word "compensable."
Other courts have adopted this definition of "compensable" in other situations. In Frank v. Anderson Bros., 236 Minn. 81, 51 N.W.2d 805 (Sup. Ct. 1952), the question arose whether plaintiff, disfigured in an industrial accident and losing five days of work, was able to recover against his employer at common law. The Minnesota rule was that disfigurement was not ground for recovery under the workmen's compensation statute unless the employee had sustained other injuries which were compensable. Plaintiff had not in fact received compensation for his loss of work, and therefore contended that he could sue at common law. The court held that "an injury is compensable and subjects the employee to coverage by Workmen's Compensation Act [M.S.A. § 176.01 et seq.] as his sole and exclusive remedy if by reason thereof he is entitled to receive any compensation under the act * * *." (Emphasis supplied.)
In Broderick v. Anderson, 23 F. Supp. 488 (S.D.N.Y. 1938), the United States District Court held that the phrase *224 "not compensated for by insurance" in the Internal Revenue Act, 26 U.S.C.A. (I.R.C. 1939), § 23(f), meant "not covered by insurance." Plaintiff filed his claim with an insurance company after the date required under the contract and was therefore never paid by the company. But the court held that plaintiff could not deduct the loss because he could have been compensated by insurance had he filed his claim within the designated period. See Annotation, 62 A.L.R.2d, at page 593 et seq.
It is conceded by the parties that plaintiff's wife was entitled to medical and hospital services under the Workmen's Compensation Act had she complied with the requirement that she request her employer to furnish said services. R.S. 34:15-15. See also N.J.S.A. 34:15-15.1, providing for a reimbursement provision in the workmen's compensation award for any one paying for medical, surgical, or hospital services on behalf of a workmen's compensation petitioner.
Applying the plain meaning of the clauses in question to the facts above stated, the plaintiff cannot recover under the two contracts for the reason that plaintiff's wife received medical and surgical services which were compensable under the Workmen's Compensation Act. The result in the instant case may be somewhat harsh, but plaintiff's wife had a remedy which she failed to pursue. The court has no choice but to interpret the contract according to the plain meaning of the words which bind the parties.

II.
Defendant Blue Cross counterclaims to recover the sum of $1,156.28, plus interest, which was paid to plaintiff under the contract. The revised stipulation of facts reads, inter alia:
"6. At the times Blue Cross Plan made the payments which are the subject of its counterclaim, its records did not disclose that plaintiff's wife had sustained the accident on September 18, 1956. The *225 Blue Cross Plan records were based on information received from the reporting hospitals. Plaintiff claims that he is not bound by Blue Cross Plan records."
Defendant contends that it is entitled to restitution by virtue of the general rule that one who pays money under a mistake of fact, but for which payment would not have been made, may recover the payment. Restatement, Restitution, § 9 (1936); 40 Am. Jur., Payment, § 186; 70 C.J.S. Payment § 157. But the court must apply equitable principles to the particular facts of each case. Great American Insurance Co. v. Yellen, 58 N.J. Super. 240 (App. Div. 1959); 40 Am. Jur., Payment, § 188; 70 C.J.S. Payment § 157a.
In the case at bar it should have been vividly apparent to defendant Blue Cross that plaintiff's wife might have suffered injuries from a workmen's compensation accident. If the appropriate parts of the Blue Cross forms obtained from the hospitals were blank, defendant was certainly without justification for making payment. Defendant does not contend that the forms indicate that the injuries were not sustained in a workmen's compensation accident.
This is not a case of mere negligence on the part of defendant Blue Cross, but this is a case of such a high degree of fault as to make it inequitable for defendant to recover the payments made to plaintiff. This is not a mere mistake of fact, because defendant was well aware of the obvious deficiency in its knowledge of the facts which were readily obtainable.
There is nothing in the record to show any lack of good faith by plaintiff; nor does the record indicate any fault on the part of the plaintiff. Defendant has a policy of taking its information from the hospital records rather than directly from the patient beneficiaries. Plaintiff was not expected to volunteer information to defendant under the arrangement designed by defendant Blue Cross.
It is the policy of the law that transactions concluded between parties should not be disturbed unless it *226 would be inequitable to maintain the status quo. An insurance company should be required to ascertain patently doubtful facts or assume the risk of such failure. Great American Insurance Co. v. Yellen, supra. See Annotation, 167 A.L.R., at page 476. Blue Cross was well aware of the risk it took and chose to make payment. It must be bound by that choice which was not a necessary choice at that time.
The contract contains the following clause which defendant contends requires recovery sub judice:
"Section XIII. General
(9) If Plan payment is obtained by or for any person who is not entitled thereto, the Plan shall have the right to recover such payment."
The above contractual clause cannot be applied in derogation of public policy. If applied in this peculiar situation, it is an open invitation to insurance companies to relax their diligence in ascertaining facts. Beneficiaries of insurance contracts would be made to feel falsely secure and would rely on such payment by inaction. There is no positive showing here that plaintiff changed his position based on the payments of Blue Cross, but it must be noted that such a showing is difficult to present. The usual result of payment would be to induce inaction by instilling a sense of security. Such inaction could very well be as much a change of position or reliance as would be a positive act.
The court is of the opinion that recovery of payments by defendant in the instant situation would be inequitable and would be contrary to public policy.
For the reasons herein assigned, judgment shall be entered for defendant Blue Cross and for defendant Blue Shield on the main complaint, and judgment shall be entered for plaintiff Gilbert Hunt on the counterclaim against defendant Blue Cross.