861 F.2d 522
 Darrel QUINN, Appellant,
and the State of Iowa for the Use of Darrel Quinn,
v.
POLK COUNTY, IOWA, a municipal corporation, and Bob E. Rice,
as Sheriff of Polk County, Iowa, Appellees.
 No. 88-1443.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 20, 1988.
Decided Nov. 18, 1988.
Rehearing Denied Dec. 20, 1988.
 
 Thoams J. Potter, Morrison, Ill., for appellant.
 James A. Smith and Linda Newman Gentry, Des Moines, Iowa, for appellees.
 Before HEANEY and FAGG, Circuit Judges, and HENLEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Darrel Quinn appeals from a judgment of the district court[1] adverse to him in his suit against Sheriff Bob Rice and Polk County, Iowa. Quinn alleged deprivation of a property interest in violation of the due process clause and a state law claim for negligence premised on diversity jurisdiction. The district court found that the defendants neither deprived Quinn of a property interest nor acted negligently in failing to attach the property of Darrel Schiber pursuant to a writ of attachment that Quinn delivered to the sheriff's department on May 30, 1985. We affirm.
 
 
 2
 On May 29, 1985, Quinn obtained a prejudgment writ of attachment secured by a $130,000.00 bond. The writ directed the sheriff to attach the property of Darrel Schiber at the Des Moines Pawn Shop, 400 4th Street, Des Moines. When Quinn delivered the writ to the sheriff's department on May 30, 1985, he was told by Captain Bob McManus that the writ could not be served on that day because all of the civil deputies were busy. Quinn indicated that the writ had to be delivered on that day because Schiber was moving the pawn shop to a new location at 910 6th Avenue, Des Moines. Since the new location was within the county, and there was no allegation that the property was going to be either secreted or transferred to another party, McManus concluded that there was no emergency. Nevertheless, McManus took Quinn's hotel telephone number in case a deputy became available to deliver the writ that day, but this never occurred.
 
 
 3
 The next morning, May 31, 1985, McManus called Quinn and his attorney at the hotel to determine if Quinn wanted to execute the writ that day and to get directions incorporating the new address; however, Quinn and his attorney had already checked out. Later that same day, Quinn and his attorney delivered a second set of instructions to a secretary in the sheriff's department, requiring the sheriff to garnish any bank accounts belonging to either Darrel Schiber or the Des Moines Pawn Shop, and to place a lien on two automobiles--a 1972 Cadillac registered to Schiber, and a 1972 Chevrolet registered to the Des Moines Pawn Shop.
 
 
 4
 Quinn does not assert that he inquired about the status of his first writ when he was at the sheriff's department on May 31, and it is apparent that McManus was not aware that Quinn was in the office. On June 3, 1985, a letter was sent to Quinn's counsel informing him that the sheriff's department was unaware of any bank accounts owned by Schiber or by the pawn shop and that the department would need license plate and title numbers to locate and levy on the automobiles. Quinn responded by sending a letter back which refused to provide the information and stated, "we have done a lot of work and given you a lot of directions, and you have done nothing."
 
 
 5
 On September 10, 1985, a default judgment was entered against Darrel Schiber on the underlying action. Six months later Quinn obtained a general execution writ on the default judgment and requested the sheriff's office to serve the writ on the Des Moines Pawn Shop now located at 910 6th Avenue, but the sheriff's department refused to do so because the shop was then owned by Gary Schiber, Darrel's brother.
 
 
 6
 Quinn brought suit against Rice and Polk County based upon common-law negligence and upon Sec. 1983 claiming a deprivation of his property interest without due process of law. At trial, Quinn provided evidence showing that Schiber had a $25,000.00 interest in the Des Moines Pawn Shop, a $25,000.00 interest in the Court Avenue News (an adult bookstore), and a $4,000.00 interest in Center Iowa Investment Corporation. Quinn argues that the sheriff's department could have attached these interests, but failed to do so.
 
 
 7
 The district court found that Quinn had failed to inform the sheriff's department of any of Schiber's interests other than that in the Des Moines Pawn Shop, and that these interests were not independently known to the sheriff's department. The court also found that Gary, and not Darrel, Schiber owned the Des Moines Pawn Shop by at least June 1, 1985, and, thus, Quinn sustained no injury by the sheriff's failure to levy on that date or thereafter. It is well established that a sheriff is not liable for failing to attach property in which the debtor has no interest. See, e.g., Crosby v. Hungerford, 59 Iowa 712, 715, 12 N.W. 582,583 (1882). We affirm this part of the district court's findings on the basis of the district court's memorandum opinion, see 8th Cir.R. 14, and address only the sheriff's action with respect to the Des Moines Pawn Shop on May 30-31, 1985.
 
 
 8
 A sheriff's negligence in failing to serve a writ is determined by a reasonable diligence standard. Crosby, 59 Iowa at 715, 12 N.W. at 583. Applying this standard, the district court found that the sheriff was not negligent and, consequently, Quinn suffered no harm or deprivation of property in violation of due process. The district court also found that Quinn was more than 50% negligent in not providing the sheriff's department more information, especially after it was requested.
 
 
 9
 It is uncontroverted that the sheriff's department was never informed that the property was going to change hands. While the department to some extent delayed taking action on the day it received the writ from Quinn, it tried to contact Quinn the next day with respect to the new address. See Hawkeye Lumber v. Diddy, 84 Iowa 634, 636, 51 N.W. 2, 2-3 (1892) (sheriff not liable for failure to strictly follow plaintiff's directions absent proof that plaintiff suffered loss caused by sheriff's negligence). Although we are troubled by the lack of enthusiasm demonstrated by the sheriff's department in performing its duty, we cannot say that the department's lack of diligence was unreasonable, especially since it was informed that the property would remain within the sheriff's jurisdiction. Furthermore, we note that it is clear from the record that Quinn made only a scintilla of effort in timely identifying the property to be attached or garnished. Under Iowa law, a plaintiff cannot recover when his or her fault exceeds that of the defendant. Iowa Code Ann. Sec. 668.3 (1987).
 
 
 10
 Questions of negligence and comparative negligence are findings for the trier of fact. While if proceeding de novo, we may have decided the case differently, we cannot now say that the district court's findings are legally or factually erroneous. LaRoche v. United States, 779 F.2d 1372,1374 (8th Cir.1986). Thus, we affirm.
 
 
 
 [1]
 The Honorable William C. Hanson, United States Senior District Judge, Southern District of Iowa